## ALUMINUM CO. OF AMERICA v. FEDERAL POWER COMMISSION.

### CAROLINA ALUMINUM CO. v. SAME
(two cases).

Nos. 8241–8243.

United States Court of Appeals for the District of Columbia.

Decided July 28, 1942.

Mr. Randall J. LeBoeuf, Jr., of New York City, with whom Mr. Horace R. Lamb, of New York City, was on the brief, for petitioners.

Mr. Wallace H. Walker, Assistant General Counsel, Federal Power Commission, of Washington, D. C., for respondent. Mr. Richard J. Connor, General Counsel, Federal Power Commission, of Washington, D. C., entered an appearance for respondent.

Before GRONER, Chief Justice, and STEPHENS and VINSON, Associate Justices.

STEPHENS, Associate Justice.

These cases are before the court on a petition of the Aluminum Company of America and two petitions of the Carolina Aluminum Company to review orders of the Federal Power Commission of December 23, 1941. The orders denied petitions for service of a trial examiner's report. The Commission, so referred to hereinafter, has filed motions to dismiss the petitions for review upon the ground that the orders of December 23 are not directly reviewable under § 313(b) of the Federal Power Act, 49 Stat. 860 (1935), 16 U.S.C.A. § 825*l*(b) (1940).

The Aluminum Company of America operates a hydro-electric project known as the Calderwood project on the Little Tennessee River in Tennessee; this project is involved in case No. 8241. The Carolina Aluminum Company operates a hydro-electric project known as the Santeetlah project on the Cheoah River, a tributary of the Little Tennessee River in North Carolina; this is involved in case No. 8242. The latter Company also operates a hydro-electric project known as the Cheoah project on the Little Tennessee River in North Carolina; this is involved in case No. 8243. Since the three cases arise upon the same facts and present the same questions of law, we shall, as a matter of convenience, refer in this opinion to but one of them, to wit, case No. 8243.

The facts which must be considered are those stated in the petition for review filed by the Carolina Aluminum Company

as admitted by the Commission's motion to dismiss. They are as follows: On June 17, 1941, the Commission issued and served upon the Company, hereinafter so referred to, an order to show cause why it should not forthwith apply for and secure from the Commission a license for the operation and maintenance of its Cheoah project. Pursuant to this order a hearing which lasted forty-eight days and at which more than 80 witnesses testified and more than 400 exhibits were received in evidence was held before a trial examiner of the Commission. The hearing concluded November 1, 1941. Under the practice of the Commission the trial examiner was to submit a report to the Commission which would contain a detailed analysis and discussion of the evidence and complete findings of fact, conclusions of law and recommendations as to appropriate action. On December 10, 1941, the Company requested the Commission that it enter an order directing the trial examiner to serve a copy of this report on the Company and affording the Company reasonable opportunity thereafter to reply to the report in writing and to file exceptions and requests for specific findings in answer to the report, and affording the Company opportunity after the filing of a reply to be heard before the Commission in oral argument in respect of the matters involved in the Commission's order to show cause of June 17. No hearing was held by the Commission in respect of the Company's request of December 10, but on December 23, 1941, the Commission issued an order denying the request so far as it asked for service of the trial examiner's report and for permission to reply and to file exceptions thereto, but reserving for further consideration the request for oral argument before the Commission. On January 23, 1942, the Company applied for a rehearing of the order of December 23, 1941, pursuant to the provisions of § 313(a) of the Federal Power Act, the terms of which we set forth in the margin.[1] More

---

[1] "Any person, State, municipality, or State commission aggrieved by an order issued by the Commission in a proceeding under this chapter to which such person, State, municipality, or State commission is a party may apply for a rehearing within thirty days after the issuance of such order. The application for rehearing shall set forth specifically the ground or grounds upon which such application is based. Upon such application the Commission shall have power to grant or deny rehearing or to abrogate or modify its order without further hearing. Unless the Commission acts upon the application for rehearing within thirty days after it is filed, such application may be deemed to have been denied. No proceeding to review any order of the Commission shall be brought by any per-

than thirty days elapsed without action by the Commission upon this application for rehearing and therefore, under the provisions of § 313(a), it may be deemed to have been denied. Main briefs on behalf of both the Company and the Commission directed to the subject matter involved in the Commission's order to show cause of June 17, 1941, were exchanged and filed with the Commission and the trial examiner on April 1, 1942. So much appears from the petition. It appears from the Commission's brief herein and is not disputed that reply briefs were filed on May 11, and that on June 9 the Commission granted the Company's request for an opportunity to argue the case orally before the Commission and set the argument for August 14.

It is the contention of the Company that, under the due process clause of the Fifth Amendment to the Constitution, it is entitled to have the trial examiner's report served upon it and opportunity to reply thereto in writing and to file exceptions and requests for specific findings in answer to the report and opportunity after the filing of a reply to the report to be heard before the Commission in argument in respect of the matters involved in the Commission's order to show cause of June 17, 1941; and the Company contends that the order denying the service of the report is properly reviewable under § 313(b) of the Federal Power Act. That section provides,

so far as immediately pertinent, as follows:

"Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the Circuit Court of Appeals of the United States for any circuit wherein the licensee or public utility to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part. ....[²]"

The Commission urges on the contrary that no service of the report is required by the due process clause, and that even if it is, the order of December 23, 1941, denying the request for service of the report is not directly reviewable in this proceeding, but only in review of a final order adverse to the Company if such an order should be entered by the Commission after the oral argument now set.

■ We think the contention of the Commission that the order of December 23, 1941, is not directly reviewable under § 313(b) but only in review of a final order adverse to the Company, if such should be entered, is sound, and that it is therefore

son unless such person shall have made application to the Commission for a rehearing thereon."

2 The remainder of the section is in the following terms: "A copy of such petition shall forthwith be served upon any member of the Commission and thereupon the Commission shall certify and file with the court a transcript of the record upon which the order complained of was entered. Upon the filing of such transcript such court shall have exclusive jurisdiction to affirm, modify, or set aside such order in whole or in part. No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do. The finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive. If any party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfac-

tion of the court that such additional evidence is material and that there were reasonable grounds for failure to adduce such evidence in the proceedings before the Commission, the court may order such additional evidence to be taken before the Commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The Commission may modify its findings as to the facts by reason of the additional evidence so taken, and it shall file with the court such modified or new findings which, if supported by substantial evidence, shall be conclusive, and its recommendation, if any, for the modification or setting aside of the original order. The judgment and decree of the court, affirming, modifying, or setting aside, in whole or in part, any such order of the Commission, shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification as provided in sections 346 and 347 of Title 28."

448

not proper to rule in the present proceeding upon the question whether or not the Company was entitled under the due process clause to the service of the report.

The question of the reviewability in this proceeding of the order of December 23, 1941, is we think answered in the Commission's favor in Federal Power Commission v. Metropolitan Edison Company, 1938, 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408. In that case, on representations of the Governor and Public Service Commission of Pennsylvania, the Commission by an order of January 6, 1936, instituted an investigation of the Metropolitan Edison Company, hereinafter referred to as the Edison Company, and other companies to determine the conditions, practices and matters regarding the ownership, operation, management and control of the Edison Company and the other companies. Representatives of the Commission thereafter made an accounting and report and thereupon the Commission on January 26, 1937, issued another order directing the Edison Company and the other companies involved to appear before it on March 3, 1937, in Washington, D. C., for a hearing. The Edison Company and the other companies, believing themselves aggrieved by the latter order, petitioned the Commission on February 23, 1937, for a rehearing under § 313(a) of the Federal Power Act. In that petition for rehearing the petitioners urged first that the Commission did not have authority to conduct an investigation for the purpose of supplying information to a state commission for use in a proceeding designed to impose penalties under local law; second, that the Commission did not have jurisdiction over three of the petitioners for the reason that each of them operated entirely within Pennsylvania in intrastate commerce and that none of them was a "public utility" within the meaning of the Federal Power Act. When March 3, the day set for the hearing pursuant to the order of January 26, arrived, the Commission adjourned the hearing without day, and on March 24, it notified the petitioners that it had granted the petition for rehearing and had assigned the matters involved therein for hearing before the Commission on April 14. At that rehearing the petitioners offered evidence to show that three of them were not public utilities as defined by the Federal Power Act and that the purpose of the investigation was to supply information to the Pennsylvania Public Service Commission for use in local proceedings.

Those were the only issues of fact raised by the petition for rehearing and that was the only evidence offered by the petitioners. But the Commission itself, so the petitioners alleged in the proceedings for an injunction which followed, at the conclusion of the case of the petitioners under the petition for rehearing and over their objection, introduced evidence relating to the entire subject matter of the orders of January 6, 1936, and January 26, 1937, and in no way limited the evidence to the two issues raised by the petition for rehearing. The petitioners charged that the Commission was thereby continuing its investigation under the guise of conducting the rehearing. The Commission, however, refused to change its course and therefore the Edison Company and the others who had filed the petition for rehearing made application to the Circuit Court of Appeals for the Third Circuit for an injunction to restrain the Commission from thus continuing its investigation until it had first determined the issues raised in the petition for rehearing. In the application for an injunction it was asserted that if the Commission was not restrained from continuing the investigation under the guise of a rehearing, the questions raised in the application for injunction would be moot when the rehearing was completed and that the Court of Appeals would thereby be deprived of its appellate jurisdiction. The Commission urged that the Court of Appeals did not have jurisdiction to review the order of January 26, 1937, for the reason that it was not really an "order" but a mere notice of a hearing coupled with a subpoena duces tecum, and that, even if the Court of Appeals did have jurisdiction to review that order, the course pursued by the Commission on the rehearing if continued was not such as to destroy the appellate jurisdiction. In the Court of Appeals the opinion of the majority (Metropolitan Edison Co. v. Federal Power Commission, 3 Cir., 1938, 94 F.2d 943) addressed itself primarily to the question whether or not the order of January 26, 1937, was a final reviewable order under § 313(b) of the Federal Power Act, and the majority held, Biggs, Circuit Judge, dissenting, that it was such an order. The majority relied upon that part of § 313(a) which provides that:

"Any person . . . aggrieved by an order issued by the Commission in a proceeding under this Act to which such per-

son . . . is a party may apply for a rehearing within thirty days after the issuance of such order. . . . No proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereon."

The majority reasoned that implicit in this provision is the right to the review of any order, final or interlocutory, by which any person is aggrieved, if he makes application for rehearing within thirty days. And the majority held that when the petition for rehearing was granted by the Commission it became the duty of the latter to determine the issues raised in that petition and those issues only; the case was remanded for such purpose.

The case reached the Supreme Court of the United States on writ of certiorari granted upon application of the Commission. The Supreme Court repudiated the ruling that the Commission's order of January 26, 1937, was reviewable under § 313 (b). The Edison Company and the other companies who with it were respondents under the writ, sought to sustain the action of the Court of Appeals by virtue of § 262 of the Judicial Code, 28 U.S.C.A. § 377 (1940), providing that the Federal courts shall have power "to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions and agreeable to the principles and usages of law." The argument was that the Court of Appeals could intervene to protect its prospective appellate jurisdiction and proceeded upon the view that the order of January 26, 1937, despite its preliminary character, was a reviewable order under § 313(b) subject only to the requirement that an application for rehearing should first be made (as it had been) under § 313(a). But the Supreme Court, speaking through Mr. Justice Hughes, held that the contention under § 262 of the Judicial Code was unsound for the reason that the Court of Appeals in the circumstances disclosed had no appellate jurisdiction to protect; and in respect of the argument that the order of January 26 was appealable under the language of § 313(b), the Court said:

" . . . But neither this language, nor that of § 313(a), should be construed as authorizing a review of every order that the Commission may make, albeit of a merely procedural character. Such a construction, affording opportunity for constant delays in the course of the administrative proceeding for the purpose of reviewing mere procedural requirements or interlocutory directions, would do violence to the manifest purpose of the provision.

"The context in § 313(b) indicates the nature of the orders which are subject to review. Upon service of the petition for review, the Commission is to certify and file with the appellate court 'a transcript of the record upon which the order complained of was entered.' The statute contemplates a case in which the Commission has taken evidence and made findings. Its findings, if supported by evidence, are to be conclusive. The appellate court may order additional evidence to be taken by the Commission and the Commission may thereupon make modified or new findings. The provision for review thus relates to orders of a definitive character dealing with the merits of a proceeding before the Commission and resulting from a hearing upon evidence and supported by findings appropriate to the case."

* * *

"The Commission's order of January 26, 1937, lay outside any appellate jurisdiction conferred by the statute upon the Circuit Court of Appeals. In that view, § 262 of the Judicial Code gives no support to the decree under review and its injunction and instructions to the Commission must be regarded as unauthorized." [304 U.S. at 383, 384, 387, 58 S.Ct. at page 967, 82 L.Ed. 1408.]

It is true that the Edison Company case did not involve a petition in the Court of Appeals to review the very order complained of, that is, the order of January 26, 1937, and in that aspect the case is not technically upon all fours with the instant case. Nevertheless the whole theory of the decision in the Supreme Court proceeded from the view of the latter as to the character of the order of January 26, 1937, and its reviewability. It is true also, as the Supreme Court pointed out, that since the order of January 26, 1937, fixed a date for hearing, required the Edison Company and the other companies to appear before the Commission, and required them to produce information and documents, it was no more than a notice, and that, since the Commission was dependent in respect of enforcement of its order upon an application to a Federal court for an order requiring attendance and pro-

duction of books and papers, the Edison Company and the other companies would have, upon such an application by the Commission to a Federal court, opportunity to contest the validity of the Commission's order. But we think these distinctions detract but little from the persuasive value of the case in its bearing upon the question in the instant case of the reviewability of the Commission's order of December 23, 1941, which denied the petition of the Company for an order directing service of the trial examiner's report. The Supreme Court in the Edison Company case clearly, and as a necessary part of its reasoning, indicated that the provision for review in § 313(b) of the Federal Power Act relates to orders of a definitive character dealing with the merits of a proceeding before the Commission. The order sought to be reviewed in the instant case is obviously not such an order. It is interlocutory.

We have given attention to the cases principally relied upon by the Company as warranting review in the instant proceeding of the order of December 23. They are as follows: Federal Power Commission v. Pacific Power & Light Co., 1939 307 U.S. 156, 59 S.Ct. 766, 83 L.Ed. 1180; Ford Motor Company v. National Labor Relations Board, 1939, 305 U.S. 364, 59 S.Ct. 301, 83 L.Ed. 221; Donnelly Garment Co. v. National Labor Relations Board, 8 Cir., 1941, 123 F.2d 215; Twin City Milk Producers Ass'n v. McNutt, 8 Cir., 1941, 122 F.2d 564; A. E. Staley Mfg. Co. v. Secretary of Agriculture, 7 Cir., 1941, 120 F.2d 258; American Sumatra Tobacco Corporation v. Securities and Exchange Commission, 1937, 68 App.D.C. 77, 93 F.2d 236. We think these cases distinguishable. Ford Motor Company v. National Labor Relations Board, A. E. Staley Mfg. Co. v. Secretary of Agriculture, and Twin City Milk Producers Ass'n v. McNutt each involve remand of a case by a Circuit Court of Appeals to an administrative tribunal for correction of the proceedings below— in the Ford Motor Company case to remedy procedural violations of the due process clause, in the A. E. Staley Mfg. Co. case for further findings, and in the Twin City Milk Producers Ass'n case to supply in an order recitals necessary to demonstrate affirmatively a compliance by the administrative tribunal with statutory conditions underlying the exercise of its power. Moreover each of these cases involved review of a final order in respect of which jurisdiction of the Court of Appeals had attached. Such cases illustrate nothing more than the common appellate practice of remanding a case, duly appealed from a final order, for correction of proceedings below rather than reversing the order and requiring repetition of the proceedings.

In American Sumatra Tobacco Corporation v. Securities and Exchange Commission the order sought to be reviewed was one entered in a special proceeding provided for by the Securities Exchange Act, 15 U.S.C.A. § 78a et seq., in which persons filing applications for registration or filing reports or documents with the Commission were authorized to make written objection to public disclosure of information contained in such applications, reports or documents. The Commission after hearing had held that disclosure of the information in question in the case was in the public interest and its order denied the application for confidential treatment. Section 25(a) of the Act permitted any person aggrieved by an order issued by the Commission in a proceeding to which such person was a party to obtain a review of the order in the United States Court of Appeals for the District of Columbia. We held the order reviewable. We based our decision upon the proposition that property rights may not be put in jeopardy or destroyed in any proceeding before an administrative board without notice, hearing and judicial review, and we found nothing either in the language of the Act or in its legislative history to justify the conclusion that review of the type of order in question was not contemplated. So far as the particular proceeding affecting property rights was concerned, the order in that case was clearly a final order.

In Federal Power Commission v. Pacific Power & Light Co. application had been made to the Commission by the Pacific Power & Light Company, a Maine corporation engaged in generating and distributing electric energy in Washington and Oregon, and by the Inland Power & Light Company, an Oregon corporation owning hydroelectric projects in those states, for approval under §§ 8 and 203 (a) of the Federal Power Act, 16 U.S.C.A. §§ 801, 824b(a), of a proposed transfer of all of the assets including licenses of Inland to Pacific and the proposed termination of Inland's existence. After a hearing the Commission found that the applicants had failed to establish that the proposed transfer would be consistent with the public interest within the contemplation of § 203(a) of the Act,

and therefore denied the application. Section 8 forbade voluntary transfer of a license without the written approval of the Commission; § 203(a) provided that no public utility should dispose of the whole of its facilities subject to the jurisdiction of the Commission or any part thereof of a value in excess of $50,000 without first having secured an order of the Commission authorizing it to do so after a finding that the proposed disposition would be consistent with the public interest. The applicants appealed to the Circuit Court of Appeals for the Ninth Circuit under § 313 (b). The Commission moved to dismiss upon the ground that the Court of Appeals was without jurisdiction since the order sought to be set aside was negative in character. The Court of Appeals denied the Commission's motion. The Supreme Court granted certiorari and affirmed, holding that even if the Federal Power Act had formally taken over the statutory provisions of the Urgent Deficiencies Act pertaining to review of orders of the Interstate Commerce Commission, the decision in Rochester Telephone Corporation v. United States, 1939, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147, would sustain the jurisdiction of the Court of Appeals so far as the negative character of the order was concerned. The Court held further:

" . . . But the Power Act contains a distinctive formulation of the conditions under which resort to the courts may be made and Congress determines the scope of jurisdiction of the lower federal courts. Section 313 (b) provides that 'Any party to a proceeding under this act aggrieved by an order issued by the Commission in such proceeding may obtain review of such order in the Circuit Court of Appeals of the United States.' The denial by the Commission of approval of the application by petitioners of the transfer of Inland to Pacific as not 'consistent with the public interest' was an 'order,' and the petitioners were 'aggrieved' by it since without such approval the transfer was forbidden. § 203 (a). Thus the statutory scheme of the Power Act only reinforces the analysis made in the Rochester case." [307 U.S. at 159, 59 S.Ct. at page 767, 83 L.Ed. 1180.]

The Company in the instant case relies upon this language. But we think it without persuasiveness in respect of the instant motion to dismiss because in the case under discussion, as in the American Sumatra Tobacco Corporation case, the proceeding involved was a special statutory proceeding, involving property rights, which terminated in a definitive order in respect of those rights. The order sought to be reviewed in the instant case is materially different from such an order.

The petition for review in the instant case does not in terms assert that irreparable damage will be suffered by the Company if the review presently sought of the order of December 23, 1941, is denied. But at the oral argument it was asserted with much vigor by the Company that although preliminary or interlocutory orders of the Commission might not as a general rule be directly reviewable, the order appealed from in the instant case should be so reviewable because of irreparable damage which would result to the Company otherwise. The contention was spelled out as follows: If the order is held not reviewable in the present proceeding, then the Company will be able to obtain a ruling upon the question whether it is entitled to service of the examiner's report only in the event that a final adverse order is entered against the Company by the Commission and a review of that order sought in this court. And even—so the contention continued—if it should be held in such a review that the Company is entitled to service of the report and a reversal of the adverse final order is on that account made or a remand made for repetition of the Commission's proceedings including service of the report, the influence which the report would already have had upon the minds of the Commissioners would be irremovable so that the repeated proceedings after service of the report and exceptions and reply thereto and argument to the Commission as to the proper effect of the report would be valueless. The Company emphasized in this argument the fact that the demeanor of 73 witnesses called to testify upon a crucial issue of navigable capacity of the Little Tennessee River and the weight of the evidence would be especial subjects of the examiner's report. We think no countenance can be given to this contention of the Company. We cannot assume that the Federal Power Commissioners will be incapable, in the event of repetition in part or whole of the proceedings upon reversal or remand of a final adverse order, of carrying on such repeated proceedings uninfluenced by what has gone before.

■ The contention is also made by the Company that if it be now determined that it is as a matter of due process entitled to service of the report and opportunity to except and reply thereto and to make argument thereon to the Commission prior to the Commission's making of its own findings of fact and conclusions of law and order, much expenditure of time and effort on the part of the Commission and its examiner and other employees and by the Company will be saved in comparison with that which must be spent if before a ruling can be had upon the question whether the Company is entitled to service of the report the case must proceed to final adverse order by the Commission and review thereof and reversal or remand. The Company cites as illustrative of the expenditure of time and effort required by reversal and remand only on final order Donnelly Garment Co. v. National Labor Relations Board, supra, where on review of a final order of the National Labor Relations Board there was a remand for a rehearing, on account of denial of due process through exclusion of relevant evidence, of an unfair labor practice proceeding. But we think this contention does not warrant the assumption of jurisdiction to review in the instant proceeding the order of December 23, 1941. The contention is really one of convenience. A choice must necessarily be made between the burden which would be occasioned by interruption of the administrative process through the review of interlocutory orders on the one hand, and on the other the burden of rehearings which will from time to time result from reversal of final orders for lack of due process or other error at a given point or points in the proceedings of the Commission. We think that the Supreme Court in Federal Power Commission v. Metropolitan Edison Company has held that the Congress under § 313 (b) of the Federal Power Act made that choice against interruption of the administrative process by the review of interlocutory orders.

We accordingly conclude that the motion to dismiss in each of the cases, Nos. 8241, 8242 and 8243, must be granted, and it is so ordered. This ruling is made without prejudice to the right of the Company in each of the cases to raise, in any review which may be sought of a final adverse order of the Commission, if such be entered, the asserted right of the Company to service of the examiner's report.

Petitions for review dismissed.

