**DELTA AIR LINES, Inc., Petitioner,**

v.

**CIVIL AERONAUTICS BOARD, Respondent.**

Eastern Air Lines, Inc., American Air-Lines, Inc., Louisville and Jefferson County Air Board and Louisville Chamber of Commerce, Inc., The City of Nashville, Intervenors.

No. 12694.

United States Court of Appeals
District of Columbia Circuit.

On Petitioner's Motion for Stay and Respondent's Motion to Dismiss July 21, 1955.

On Request for Entry of Judgment in Accordance With Findings of Court, or for Clarification of Opinion October 24, 1955.

Messrs. L. Welch Pogue, George C. Neal, and James W. Gallison, Washington, D. C., for petitioner.

Messrs. Franklin M. Stone, Gen. Counsel, John H. Wanner, Associate Gen. Counsel, O. D. Ozment, Chief, Litigation and Research Division, and Robert L. Park, Atty., Civil Aeronautics Board, for respondent. Mr. Charles H. Weston, Department of Justice, also entered an appearance for respondent.

Messrs. Harold C. Russell, Atlanta, Ga., of the bar of the Supreme Court of Georgia, pro hac vice, and W. Glen Harlan, Atlanta, Ga., for Eastern Air Lines, intervenor.

Messrs. Clifton J. Stratton, Jr., and Ernest W. Jennes, Washington, D. C., for American Airlines, Inc., intervenor.

Messrs. John A. Diskin, Louisville, Ky., of the bar of the Court of Appeals of Kentucky, pro hac vice, and Robert C. Mayer, Washington, D. C., for Louisville and Jefferson County Air Board and the Louisville Chamber of Commerce, Inc., intervenors.

Mr. W. Jerrold Scoutt, Jr., Washington, D. C., for City of Nashville, intervenor.

Before PRETTYMAN, WILBUR K. MILLER and DANAHER, Circuit Judges.

Memorandum on Petitioner's Motion for Stay and Respondent's Motion to Dismiss

PER CURIAM.

Petitioner filed its petition to review certain orders of the respondent denying petitioner's motion for consolidation of a portion of its application in C.A.B. Docket No. 5739 for hearing and decision along with an application filed by Eastern Air Lines, Inc. in C.A.B. Docket No. 3292, or in the alternative for separate but simultaneous hearings of the two applications. Pending review, petitioner asked us to stay the Board's orders insofar as they deny petitioner's motion and all further proceedings before the Board concerning Eastern's application in C.A.B. Docket No. 3292. We heard argument by the named parties and by certain intervenors and by order issued June 17, 1955, denied petitioner's motion in part and stayed the Board proceedings in part until we had had ample opportunity to consider the pleadings and the briefs filed by all concerned. Subsequently the Board has asked us to dismiss the petition for review or, in the alternative, to dissolve the partial stay order of June 17, 1955, and to deny petitioner's motion for stay in its entirety. Since we have now decided to deny petitioner's motion for stay, upon the entry of an order pursuant to this memorandum of opinion the partial stay of June 17, 1955 will be dissolved but the Board's motion to dismiss the petition for review will be denied for reasons which we state.

The Board Order E–9002, sought to be reviewed in the original petition recites:

"Delta asks as alternative relief the consolidation of that portion of Docket No. 5739 which would add Nashville as an alternative intermediate point to Paducah between Memphis and Evansville on route No. 8 and extend route No. 8 from Evansville to Cincinnati via Louisville, and consolidation of that portion of Docket No. 6374 which would add Nashville as an intermediate point on route No. 54 between Knoxville and Lexington and extend route No. 54 from Atlanta to New Orleans. While certain limited phases of the Delta applications would duplicate service proposed by Eastern, the broad implications of the proposals differ so much as to justify the conclusion in the facts now before us that the two are not mutually exclusive. On the other hand, inclusion of the Delta proposals would substantially broaden the scope of the proceeding and delay the decision. Accordingly, it is our conclusion

that consolidation and concurrent decision of the Delta applications in this case is not required by the public interest. This conclusion is without prejudice to the right of Delta to demonstrate during the course of the proceeding that grant of the Eastern authority sought herein would preclude approval of the Delta service and that action should therefore be deferred for concurrent consideration."

The Board orally argued to us and in its brief opposing a stay informs us that "The Board has provided a method for Delta to prove its claim of mutual exclusivity with facts, and again to request concurrent consideration of its application before the Board finally acts." The Board further in its brief represents to us:

"Furthermore, the Board made plain in this case that it was not finally denying comparative consideration to petitioner. Petitioner appears to recognize, as it must, that simultaneous decision upon its application and that of Eastern will satisfy even its view of the requirements of [Ashbacker Radio Corp. v. Federal Communications Comm., 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945)]. The Board has afforded petitioner an opportunity to make a record on the issue of claimed mutual exclusivity, and to again require comparative consideration on the basis of that record. Until the Board finally acts, however, petitioner has been denied nothing."

The Board in effect has further represented to us, and we accept its representations, that if petitioner can prove upon a factual record that its application and that of Eastern are mutually exclusive, petitioner will be accorded the right to request concurrent consideration of the two applications.

We are clear that on the record as presently made, we cannot determine whether the Delta application and that of Eastern are mutually exclusive nor, in the absence of a finding by the Board in this particular, do we have sufficient information upon which to exercise our review authority. Although in some situations agency orders of a character normally deemed to be interlocutory and not appealable have presented aspects of finality sufficient to justify the exercise of our jurisdiction, we are not convinced that this is such a case.

We rely upon the Board's recognition in its order of Delta's right, and upon the Board's representation to us that it intends to permit Delta, to participate in the Eastern Air Lines, Inc. Route Consolidation Case, to demonstrate upon a factual record that its application and that of Eastern are mutually exclusive, so as to require concurrent consideration of the two applications. The scheduling of hearings is of course within the competence of the Board, but it is obvious that early participation by Delta in this aspect of the case is essential to the effectiveness of the opportunity offered it.

We decline to assume the Commission will afford Delta an opportunity which is less than effective, or that if the facts are established the Commission will fail to find accordingly, or that if the facts are found the Commission will inaccurately apply the law to them.

Let an order enter denying in its entirety petitioner's motion for stay and the Board's motion to dismiss the petition for review.

Memorandum on Request for Entry of Judgment in Accordance With the Findings of the Court, or for Clarification of Opinion

PER CURIAM.

Eastern Air Lines filed with the Civil Aeronautics Board an application for certain modifications of its routes between St. Louis and New York, basically east-west routes. The application also sought additional north-south route segments for service to and between Cincinnati and Memphis. Delta Air Lines operates routes from Detroit to New Orleans, basically north-south routes. Its

routes cross the Eastern routes in the neighborhood of Louisville. Delta applied to the Board for modifications of its certificate so as to add service between Cincinnati and Memphis. These are approximately the same north-south segments for which Eastern had applied.

Delta says the traffic between the points on the new segments will support only one service and therefore the applications for these segments are mutually exclusive. Accordingly it moved for consolidation of the applications.

The Board ruled that "the broad implications" of the proposals differed so much "as to justify the conclusion in the facts now before us that the two are not mutually exclusive." So it denied the consolidation. It added: "This conclusion is without prejudice to the right of Delta to demonstrate during the course of the proceeding that grant of the Eastern authority sought herein would preclude approval of the Delta service and that action should therefore be deferred for concurrent consideration."

Delta petitioned this court for review. It also moved for a stay of the Board proceedings. The Board opposed the stay and moved to dismiss the petition.

■ The first problem was the motion to dismiss. The statute provides [1] that "Any order, affirmative or negative, issued by the Board", except one relating to foreign air carriers, shall be subject to review by the court. The Supreme Court, speaking of this statute, said that the courts have "by self-denying constructions" limited "any" so as to exclude orders which "are inappropriate for review." [2] And later in that opinion the Court was specific, saying that administrative orders are not reviewable "unless and until they impose an obliga-

tion, deny a right or fix some legal relationship as a consummation of the administrative process." [3] There is no doctrine that all administrative orders which are interlocutory in form and sequence are not reviewable. So in the case at bar the Board's motion to dismiss posed the question whether the denial of a comparative hearing under the circumstances denies any right of Delta. And, as has been pointed out many times, in deciding that question we may be required to consider points also involved in the merits of the controversy. In that posture of the case, and after argument on the motion under the procedure which ordinarily applies to such motions, we declined to decide the matter without full briefs and argument. We adhere to that position. We decline at this point to dismiss the petition. We may eventually, after argument upon adequate briefs, do so.

The next problem was Delta's motion for a stay. It fell into two parts. The controversy over the north-south segments seems to have no material bearing upon the modifications sought by Eastern for its main east-west routes, or upon the other main route applications filed by other carriers and included in the proceeding before the Board. Therefore we declined to stay the proceedings in so far as they relate to the main east-west route modifications. We adhere to that position.

■ In so far as Delta's motion for a stay relates to the north-south segments, a more difficult problem was presented. We have clear power by specific statutory provision to grant interlocutory relief by a stay. [4] Nevertheless we were and are reluctant to interfere with administrative proceedings.

---

1. 52 Stat. 1024 (1938), as amended, 49 U.S.C.A. § 646(a).

2. Chicago & Southern Air Lines v. Waterman S. S. Corp., 333 U.S. 103, 106, 68 S.Ct. 431, 92 L.Ed. 568 (1948).

3. Id., 333 U.S. at page 113, 68 S.Ct. at page 437. See also Seaboard & Western Airlines v. Civil Aeronautics Board, 86 U.S.App.D.C. 9, 181 F.2d 777 (1949); 86 U.S.App.D.C. 64, 181 F.2d 515 (1949), certiorari denied 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372 (1950).

4. Section 1006(d) of the Civil Aeronautics Act, 52 Stat. 1024 (1938), as amended, 49 U.S.C.A. § 646(d).

We originally construed the statement we have quoted from the Board's order, as explained by statements in its memoranda and argument to us, to mean that the Board intended to afford Delta an opportunity to establish by evidence that its application is as a matter of fact mutually exclusive to that of Eastern, and that thereupon, if such exclusivity were established as a fact by evidence of record, the Board would accord Delta a comparative hearing with Eastern. It now appears from additional memoranda, and particularly from a statement of counsel describing their advice to the Board, that we misconceived the Board's intentions. It now appears that the Board proposes to proceed to a hearing which will include, *inter alia*, the question of exclusivity as between Delta and Eastern and also the matter of Eastern's application upon the merits; that Delta's application will not be under consideration at that stage. The Board says that in its final order, after that proceeding is concluded, it will (1) decide whether any new north-south segments shall be certificated, (2) decide the exclusivity issue and (3), if the latter decision be in the negative, decide pro or con the application of Eastern. We are not certain as to what the Board proposes to do if at that time it concludes new segments are to be established but the two applications are exclusive. Its counsel says a comparative consideration must then be given. The Board says a "simultaneous decision" upon the two applications would satisfy the rule in the Ashbacker case.[5] We do not know whether that consideration and decision would be on a reopened record in the Eastern case, or by a separate hearing on the merits of the Delta application followed by a decisional comparison upon the two separate records.

The Ashbacker rule applies to air route controversies.[6]

The Board says the only right of Delta is to have the issue of exclusivity decided before a *grant* of Eastern's application. It so construes the Ashbacker doctrine. We think such an interpretation would reduce the rule of that case to an empty shell, all form and no substance. It would mean that where two applications for a license are mutually exclusive the agency could hear one of them upon its merits and in a final order rule upon exclusivity and award the license without ever hearing the merits of the second application. Such procedure would not protect the rights of the second applicant, as we read Ashbacker.

We read Ashbacker as a rule of substance and not as a mere prescription of form. The Court emphasized that it was acting upon the practicalities of the situation. It said: "Legal theory is one thing. But the practicalities are different."[7] And its final sentence was: "While the statutory right of petitioner to a hearing on its application has in form been preserved, it has as a practical matter been substantially nullified by the grant of the Fetzer application."

We are not here dealing with a situation in which the circumstances put one applicant at a disadvantage, as, for example, where a newcomer is in a contest with an established licensee, or where some proceedings have transpired to completion without a protest. Our problem concerns a procedure which, if established, could be of general application. And we are not considering any general power of the court to interrupt administrative proceedings, as, for example, by *mandamus* or injunction. We have an appeal pending which presents substantial questions. Our problem concerns a stay *pendente lite* for the purpose of protecting the right of review if there is one.

**5.** Ashbacker Radio Corp. v. Federal Communications Comm., 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945).

**6.** Northwest Airlines v. Civil Aeronautics Board, 90 U.S.App.D.C. 158, 194 F.2d 339 (D.C.Cir.1952); Western Air Lines v. Civil Aeronautics Board, 184 F.2d 545 (9th Cir.1950).

**7.** Supra note 5, 326 U.S. at page 332, 66 S.Ct. at page 150.

It is true that in Ashbacker the Commission had actually granted one application before it set the other for hearing. The Commission said, and the Court agreed, that its grant did not preclude it from deciding otherwise after it had heard the second application. But the Court said: "To place that burden on it is in effect to make its hearing a rehearing on the grant of the competitor's license rather than a hearing on the merits of its own application. That may satisfy the strict letter of the law but certainly not its spirit or intent."[8] We read the opinion as meaning that, where the applications of two qualified applicants for a license are as a matter of economic fact mutually exclusive, each applicant is entitled to a comparative hearing and consideration with his adversary. We think mere "simultaneous decision" does not meet the requirement. The Court was concerned with the right to hearing, not merely the rendition of decision. The requirement for a comparative proceeding means all the give-and-take of contesting parties, including cross examination, rebuttal, participation in prehearing proceedings, objections, briefs and arguments as contesting parties.[9]

The agency has a choice of procedures when two applications are alleged to be mutually exclusive. It may, for example, (1) set for hearing and thereupon decide the issue of exclusivity as a separate preliminary issue; (2) proceed to a comparative hearing upon the two applications without further ado; or (3) set for hearing and thereafter decide the merits of the two applications and also the issue of exclusivity. This leeway gives considerable elasticity to the required procedure.

The Board says it has decided for present purposes the issue of exclusivity. It points to the sentence in its order about "broad implications", from which

we have quoted extracts. We do not know what "broad implications" means. And in the second place a decision upon "facts now before us", without a hearing and without an opportunity to prove any facts, is not sufficient; the claim of mutual exclusivity was not frivolous or, apparently, even insubstantial. The Board itself says it must and will take evidence upon the issue and decide it upon that record. Its error, as we see it, is that it believes it can hear the Eastern application on its merits without hearing Delta and without deciding finally whether Delta has a right to a hearing as a mutually exclusive applicant.

When we entered our order of July 21, 1955, denying a stay, we specifically set forth certain representations which had been made to us by the Board's counsel. We understood them to be telling us of a plan to grant Delta a hearing on the issue of exclusivity. We suggested that it be early in the proceedings. Thereafter, in the Board's request for clarification and in its memoranda with respect thereto, it became clear that counsel intended a different course. It is our present purpose that the Board and its counsel shall understand our interpretation of the Ashbacker doctrine and its applicability in situations such as are here presented. We previously made clear that we had no intention at the intermediate stage to order consolidation of the pending applications. But we wish to make it equally clear that at an early stage upon a proper record the issue of mutual exclusivity is to be considered and decided by the Board.

Upon the foregoing bases we will now stay pending this appeal all proceedings of the Board in respect to the additional north-south route segments involved in the controversy at bar. We will grant this stay without prejudice to the Board's taking evidence upon the issue of exclusivity, deciding that issue,

8. Id., 326 U.S. at page 331, 66 S.Ct. at page 150.

9. See the discussion in Civil Aeronautics Bd. v. State Airlines, 338 U.S. 572, part

Second, beginning at page 578, 70 S.Ct. 379, at page 383, 94 L.Ed. 353 (1950).

and thereafter proceeding upon the applications in accordance with its finding upon exclusivity.

Prehearing conference in this proceeding, pursuant to our Rule 38(g) and (k), will be set for three-thirty o'clock on the afternoon of Thursday, November 3, 1955, in the Court of Appeals courtroom.

So ordered.