**EASTERN AIR LINES, Inc., Petitioner,**
v.
**CIVIL AERONAUTICS BOARD, Respondent,**

**Continental Air Lines, Inc., Braniff Airways, Inc., American Airlines, Inc., Intervenors.**

**No. 13338.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 9, 1957.

Decided June 27, 1957.

Petition for Rehearing Denied Oct. 9, 1957.

---

Mr. W. Glen Harlan, Atlanta, Ga., with whom Messrs. E. Smythe Gambrell and Harold L. Russell, Atlanta, Ga., were on the brief, for petitioner.

Mr. O. D. Ozment, Chief, Litigation and Research Division, Civil Aeronautics Board, with whom Messrs. Franklin M. Stone, Gen. Counsel, Civil Aeronautics Board, John H. Wanner, Associate Gen. Counsel, Civil Aeronautics Board, and Daniel M. Friedman, Atty., Dept. of Justice, were on the brief, for respondent. Mr. Robert L. Park, Atty., Civil Aeronautics Board, also entered an appearance for respondent.

Messrs. C. Edward Leasure and Herman F. Scheurer, Jr., Washington, D. C., were on the brief for intervenor Continental Air Lines, Inc.

Messrs. Hubert A. Schneider and B. Howell Hill, Jr., Washington, D. C., entered appearances for intervenor Braniff Airways, Inc.

Messrs. Ernest W. Jennes and Alfred V. J. Prather, Washington, D. C., entered appearances for intervenor American Airlines, Inc.

Before PRETTYMAN, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

The proceeding which gave rise to this appeal is an outgrowth of an extensive and only recently completed Board investigation of through air service between points in the south, southwest and the west coast. See Southern Service to the West case, 12 C.A.B. 518 (1951), and supplemental orders thereto. It is unnecessary for our purposes to detail the numerous hearings and decisions involved in the long course of that proceeding. Suffice it to note that in 1951, as one phase of the Southern Service to the West case, the Board granted Continental Air Lines temporary authority (three years) to extend its El Paso-San Antonio route to Houston solely for interchange service. Thereafter the Board approved an interchange agreement between Continental and American Airlines which provided for the interchange of equip-

ment at El Paso, thus permitting through air service between Houston and points west of El Paso served by American.

Eastern Air Lines now appeals from orders of the Civil Aeronautics Board which (1) denied Eastern's motion for comparative consideration of an Eastern application with one filed by Continental, (2) granted Eastern only limited intervention in the Board proceeding considering the Continental application, and (3) approved the Continental application.

The instant proceeding, designated the Houston-California Interchange case, consisted of two matters: (1) Continental's application to renew, either on a permanent or further temporary basis, its temporary route extension from San Antonio to Houston for interchange flights under its agreement with American, and (2) a Board initiated investigation of a Braniff-TWA interchange agreement operating between Houston and the west coast via Dallas. The latter issue is not involved in this appeal.

Prior to the prehearing conference in the Houston-California Interchange case, Eastern filed an application requesting extension of its Route 5 to the west coast via intermediary points which included El Paso and other cities served by the Continental-American interchange. Eastern presently operates between Houston and San Antonio, the latter city being the western terminal of Eastern's Route 5. In support of its motion to consolidate for hearing and decision "all or appropriate parts" of the above petition with the pending Continental application, Eastern asserted the applications were mutually exclusive (1) in the broad sense that both involved the question of through air service between Houston and the west coast and, (2) in the more restricted context, that Eastern's application should be construed as requesting in part new route authority between San Antonio and El Paso with a "possible" interchange agreement with American at El Paso. Eastern claimed authorization of this limited proposal would enable it

(Eastern) to perform the identical service provided by a renewal of Continental's extension from San Antonio to Houston and continued operation of the Continental-American interchange. There were numerous motions filed by other parties at the prehearing conference requesting and opposing expansion of the proceeding, at least one of which desired to expand the proceeding into a transcontinental hearing. The Board denied Eastern's motion concluding that the issues in this proceeding related solely to the continued authorization of interchange service and that consolidation of the various applications would in effect result "in the institution of a new Southern Service to the West Case." The Board also noted its opinion that the Eastern and Continental applications were not mutually exclusive.

Eastern was subsequently granted intervention in the hearing limited "to issues related to the Houston-San Antonio renewal * * *" Following the hearing the examiner recommended an indefinite renewal of the Continental route authorization "so long as the Continental-American interchange agreement has Board approval." The Board adopted the findings and conclusions of the hearing examiner, making the authorization contingent upon the Board's continued approval of the interchange agreement. The Board again expressed its disagreement with Eastern's contention that the Board's refusal to provide consolidated or simultaneous hearings violated the Ashbacker [1] doctrine.

Eastern has renewed this argument on appeal claiming that the full and fair hearing guaranteed its application by the statute and Constitution is, in effect, denied by (1) the Board's refusal of comparative consideration of the asserted mutually exclusive applications, (2) the Board's limitation on Eastern's participation in the proceeding, and (3) the examiner's rulings which precluded Eastern from introducing evidence showing mutual exclusivity between the two appli-

---

1. Ashbacker Radio Corp. v. F. C. C., 1945, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108.

cations. Eastern emphasizes that at the time of the appeal its application had not yet been docketed for a hearing.

The Board chose to treat the Continental application as involving primarily an interchange problem rather than a request for new route certification. We do not believe the Board was unreasonable in adopting this view. The cornerstone of the Continental petition was an existing interchange agreement. The route authorization was dependent upon the interchange; it concerned only that traffic between Houston and San Antonio moving to and from the west coast pursuant to the interchange with American. Furthermore, Continental was not seeking a *new* route extension in the conventional sense. The applicant sought a *renewal* of a route extension solely for interchange flights over prior certificated routes of Continental and American. The Board consolidated the Continental petition with a Board investigation of an interchange agreement between Braniff and TWA, and subsequently renewed Continental's authorization subject to continued Board approval of the interchange agreement.

On the other hand, Eastern sought a certification the effect of which would enable it to provide transcontinental service. Eastern's Route 5 extends between Boston and San Antonio via such intermediate points as New York, Washington, Atlanta, New Orleans and Houston. Appellant now requests either an extension of this route to the west coast or a limited extension from San Antonio to El Paso with an opportunity to negotiate an interchange agreement with American in lieu of the Board-approved Continental-American agreement. Basically, then, Eastern asks for a new route extension.

██ Under these circumstances we cannot say the Board erred in limiting this proceeding in the manner described. We pointed out in a prior Eastern case "there must be some limitation to the Ashbacker rule when applied to air routes." [2] Consideration of Eastern's

present application in its broadest (and literal) sense might well necessitate a Board determination of through service needs of cities east and south of San Antonio which are presently certificated to Eastern. Comparative consideration of Eastern's application, construed even in its most limited context, would demand an enlarged proceeding comparable to the Southern Service to the West Case. In determining whether a 192 mile temporary extension for interchange service shall be renewed, the Board should not be forced to consider anew the problem of through air service between Texas and the west coast, with additional transcontinental implications. Cf. Seaboard & Western Airlines v. C. A. B., 1949, 86 U.S.App.D.C. 9, 181 F.2d 777. "An existing certificate holder cannot by the mere filing of applications for routes transform a limited inquiry into a massive consideration of the whole of American air transportation." Eastern Air Lines v. C. A. B., supra, 243 F.2d at page 609.

██ Eastern urges with some force that its application must be considered mutually exclusive insofar as it requests an extension from San Antonio to El Paso and an interchange agreement with American. We do not resolve that question. When an applicant seeks to displace an existing interchange agreement and substitute therefor a unilateral proposed agreement, in addition to requesting a new route extension, we believe the Board possesses some discretion in determining the degree of intervention. While the power of the Board to institute such a proceeding may be unquestioned, the right to a comparative hearing should be affected by the nature of the pending proceeding and the effect of unlimited intervention, as well as the exclusivity of the applications. We have indicated in the past that it would be complete folly if the statutory right to a hearing requires the Board to change the fundamental purpose of a pending proceeding. Seaboard & Western Airlines v. C. A. B., supra, 86 U.S.App.D.C. at page 11, 181

2. Eastern Air Lines v. C. A. B., 100 U.S.App.D.C. 184, 243 F.2d 607.

F.2d at page 779. "The problem is typically one for agency judgment. If the Board is not unreasonable in its limitation of a proceeding, the courts ought not to interfere, even if they have power to do so." [3]

Since it is our holding that the Board did not unreasonably refuse to accord Eastern the requested comparative consideration, it is unnecessary to answer Eastern's other contentions.

Affirmed.