235 F.2d 811
 98 U.S.App.D.C. 314
 The ELM CITY BROADCASTING CORPORATION, Petitioner,
v.
UNITED STATES of America, and Federal Communications
Commission, Respondents, The WAVZ Broadcasting
Corporation, Intervenor.
The ELM CITY BROADCASTING CORPORATION, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee, The WAVZ
Broadcasting Corporation, Intervenor.
 Nos. 12542, 13002.
 United States Court of Appeals District of Columbia Circuit.
 Argued April 5, 1956.
Decided June 14, 1956.
Petition for Rehearing Denied Sept. 18, 1956.
 
 [98 U.S.App.D.C. 315] Mr. Ben C. Fisher, Washington, D.C., with whom Mr. John P. Southmayd, Washington, D.C., was on the brief, for Elm City Broadcasting Corp.
 Mr. Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Commission, with whom Messrs. Warren E. Baker, Gen. Counsel, Federal Communications Commission, John J. O'Malley, Jr., Counsel, Federal Communications Commission, and Daniel M. Friedman, Atty., Dept. of Justice, were on the brief, for United States and F.C.C. Messrs. J. Smith Henley, Asst. Gen. Counsel, Federal Communications Commission, and Charles H. Weston, Atty., Dept. of Justice, also entered appearances for respondents.
 Mr. Leo Rosen, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. William P. Bernton, Washington, D.C., was on the brief, for intervenor.
 Before EDGERTON, Chief Judge, and WILBUR K. MILLER and BAZELON, Circuit Judges.
 [98 U.S.App.D.C. 316] WILBUR K. MILLER, Circuit Judge.
 
 
 1
 These two cases pose the same basic question: has the Federal Communications Commission the authority, in a proceeding under § 309(b) of the Communications Act of 1934, as amended,[1] to deny a petition for intervention seasonable filed by an undoubted party in interest? In the first case, No. 12,542, the would-be intervenor asked review of the denial of intervention before the Commission had reached a final decision on the merits, thus giving rise to the threshold question whether or not the order complained of was interlocutory and therefore reviewable only in connection with an appeal under § 402(b) from the Commission's final action. In the second case, No. 13,002, the would-be intervenor appeals from a final order which granted a construction permit to a competitor and also appeals from the earlier denial of intervention.
 
 
 2
 Had the first case come on for consideration alone, we should have been required to determine whether the order complained of was reviewable before we could have reached the basic question as to the Commission's authority to deny a party in interest the right to intervene. In the second case, which was filed before the first was ripe for consideration, the basic question is squarely presented and may be reached immediately. For this reason, the first case, No. 12,542, will be dismissed because its preliminary question of reviewability has become moot. We express no opinion as to that question but proceed to consider the second case, No. 13,002.
 
 
 3
 We summarize the facts. In 1953 Key Broadcasting System and Edward J. Fitzgerald filed applications for construction permits for new standard broadcast stations to operate on 1300 kc at Bay Shore, New York, and Riverhead, New York, respectively. In the same year WAVZ Broadcasting Corporation, which is the intervenor here, applied for a construction permit to change its station WAVZ at New Haven, Connecticut, from 1260 kc daytime only to 1300 kc unlimited hours. Pursuant to the requirement of § 309(b) the three applicants were notified by the Commission February 18, 1954, that a hearing would be necessary; and because it appeared that one or more of their proposals might cause electrical interference[2] to two stations in New [98 U.S.App.D.C. 317] Jersey, one in New York City, and one in Michigan, the Commission also notified their licensees of the nature and pendency of the three applications and the necessity for a comparative hearing thereon. As § 309(b) requires that such notice be given to all known parties in interest, it may be assumed the Commission then knew of none other.
 
 
 4
 April 28, 1954, the Commission designated the three mutually exclusive applications for hearing in a consolidated proceeding; and, as § 309(b) requires that all parties in interest be permitted to participate, the licensees of the three stations in New York and New Jersey which might suffer electrical interference were made parties.[3] Before the hearing, which began November 19, 1954, Fitzgerald dismissed his application without prejudice, leaving Key and WAVZ as contending applicants.
 
 
 5
 More than ten days before the date fixed for the hearing, two petitions for intervention based on economic injury were filed by licensees who had not been notified by the Commission, presumably because it had not known they were parties in interest. The first of these was by a licensee at Bay Shore, New York, which alleged it would suffer competition if Key were authorized to construct a station at that place; this petitioner was allowed to intervene. The second petition for intervention was that of Elm City Broadcasting Corporation, petitioner and appellant in the two cases before us, which owns and operates three stations (standard, FM and television) in New Haven, Connecticut, all authorized to operate unlimited hours.
 
 
 6
 Elm City claimed to be a party in interest, and so entitled to intervene, because of the economic injury it would suffer if the Commission should authorize the proposed change in the operation of WAVZ, already its competitor in New Haven. The petitioner set forth in some detail the issues on which it proposed to introduce evidence.
 
 
 7
 Elm City's petition for intervention was denied November 19, 1954, with Commissioner Hennock dissenting from the order. The Commission did not base the denial upon a finding that Elm City was not a party in interest-- it made no such finding-- but rested its order entirely upon the following recital:
 
 
 8
 'It Further Appearing, That the statement of matters to be proved is conjectural and speculative and otherwise insufficient in that it does not adequately state the nature of the facts it proposes to develop at the hearing and that the petition is therefore fatally defective and should be denied. * * *'
 
 
 9
 With Elm City thus excluded from participation, the hearing began November 19, 1954, and proceeded to conclusion on December 21, 1954.
 
 
 10
 January 17, 1955, Elm City filed with us a petition for review, under § 402(a) of the Act of the order of the previous November 19 which denied it intervention. This is the first case, No. 12,542. The Commission released its final decision November 7, 1955, denying the application of Key Broadcasting System and granting that of WAVZ. Elm City appealed December 7, 1955, under § 402(b) of the Act from the final decision of the Commission and from the order denying its petition to intervene. This is case No. 13,002.
 
 
 11
 In refusing, for the reason recited in its order, it permit Elm City to intervene, the Commission relied upon § 1.388(b) of its Rules, which provides with respect to certain would-be intervenors, including those who allege economic injury:
 
 
 12
 '(b) Any other person desiring to participate in the hearing may file a petition to intervene. The petition must set forth the interest of the [98 U.S.App.D.C. 318] petitioner in the proceedings, must show how such person's participation will assist the Commission in the determination of the issues in question, and must be accompanied by the affidavit of a person with knowledge as to the facts set forth in the petition. The Commission in its discretion may grant or deny such petition or may permit intervention by such person limited to particular issues or to a particular stage of the proceeding.'
 
 
 13
 When it was first promulgated, this provision of the Rules was not inconsistent with the governing statute, for § 309 of the Act was then silent as to intervention and merely provided that where the Commission could not find, on ex parte consideration, that the grant of an application would serve the public interest, 'it shall notify the applicant thereof, shall fix and give notice of a time and place for hearing thereon, and shall afford such applicant an opportunity to be heard under such rules and regulations as it may prescribe.' 48 Stat. 1085. But in 1952 Congress amended § 309 and as part of a new subsection (b) provided that:
 
 
 14
 '* * * The parties in interest, if any, who are not notified by the Commission of its action with respect to a particular application may acquire the status of a party to the proceeding thereon by filing a petition for intervention showing the basis for their interest at any time not less than ten days prior to the date of hearing. Any hearing subsequently held upon such application shall be a full hearing in which the applicant and all other parties in interest shall be permitted to participate * * *.'
 
 
 15
 Thus, under the statute as now constituted, a party in interest who has not already been made a party to the proceeding may acquire that status by filing a petition for intervention showing the basis of his interest.
 
 
 16
 The Commission concedes, as it must, that Elm City is a party in interest.[4] We have frequently held, relying upon F.C.C. v. Sanders Brothers Radio Station, 1940, 309 U.S. 470, 642, 60 S.Ct. 693, 84 L.Ed. 869, 1037,[5] that an existing licensee who alleges he may be economically injured by Commission action in a pending proceeding, is a party in interest entitled to be heard therein. Clarksburg Publishing Co. v. F.C.C., 1955, 96 U.S.App.D.C. 211, 214 note 8, 225 F.2d 511, 514 note 8; Metropolitan Television Co. v. F.C.C., 1955, 95 U.S.App.D.C. 326, 221 F.2d 879; Greenville Television Co. v. F.C.C., 1955, 95 U.S.App.D.C. 314, 221 F.2d 870; Camden Radio, Inc., v. F.C.C., 1954, 94 U.S.App.D.C. 312, 220 F.2d 191; cf. National Coal Ass'n v. F.P.C., 1951, 89 U.S.App.D.C. 135, 191 F.2d 462.
 
 
 17
 Following the KOA case, 319 U.S. 239, 63 S.Ct. 1035, 87 L.Ed. 1374, the Commission amended its Rules to grant intervention as of right to a party who alleges objectionable interference. (Rules, § 1.388(a), see footnote 2, supra.) But it has never amended its Rules to recognize our holdings that the Sanders Brothers ruling applies to intervention in a proceeding before the Commission. To the contrary, the Commission insists here that its Rule 1.388(b), which has been in effect with minor changes since 1939, survives the new § 309(b) enacted in 1952; that it is not required thereby to grant intervention to one who alleges he is a party in interest because of economic injury, unless it (the Commission) decides from reading the petition that the petitioner's intervention will be 'of positive assistance to the Commission in determining whether the public interest will be served by a grant.'[98 U.S.App.D.C. 319] The argument is based on the language of § 309(b) which is to the effect that parties in interest may acquire the status of parties to the proceeding by filing petitions for intervention 'showing the basis for their interest.' It is contended by the Commission that the words just quoted clothe it with discretion to deny intervention which it thinks would not be helpful to it. The contention reads into § 309(b) words which are not there. We think it clear that the only legislative purpose in requiring petitioners for intervention to show 'the basis for their interest' is to enable the Commission to determine whether the petitioners' allegations show them to be 'parties in interest.' When that is done, the Commission has exhausted its discretion; it may not deny intervention to a party in interest merely because it thinks his participation would not aid its decisional process.
 
 
 18
 The foregoing, we think, is the plain meaning of the section of the Act under consideration. It is elementary in the law of statutory construction that, absent ambiguity or an absurd or unreasonable result, the literal language of a statute controls and resort to legislative history is not only unnecessary but improper. United States v. Missouri Pac. R. Co., 1929, 278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322.[6]
 
 
 19
 But, as the Commission discusses the legislative history of § 309(b), we shall consider its discussion to see whether it indicates a legislative intent contrary to that shown by what we regard as the unambiguous legislative language. The Commission finds the legislative history 'confusing.' But it makes in its brief the following significant admissions concerning that history:
 
 
 20
 '* * * There can be no question, in view of the language of the Senate and House Reports cited by appellant in its brief (pp. 14-15), but that Congress intended by its action to spell out a procedure by which all parties in interest could seek intervention,[7] a deficiency in the pre-existing law which Congress felt should not be left to Commission discretion. And, as the Senate Report points out, an objective was to insure that persons having the right to appeal from Commission decisions 'can make this complaint first before the Commission'. Senate Report No. 44, 82nd Congress, 1st Sess., p. 8. * * *'[8]
 
 
 21
 Thus the Commission concedes that the legislative history shows Congress intended § 309(b) to provide that one who alleges he may be economically injured, and so is entitled under the Sanders Brothers case to appeal from an adverse Commission ruling, is also entitled as a matter of right to intervene in the administrative proceeding in order to 'make his complaint first before the Commission' by participating in the hearing, instead of standing aside until [98 U.S.App.D.C. 320] it is concluded and then appealing from the final decision. We think no further consideration need be given to the Commission's discussion of the legislative history, except to observe that the arguments it now makes as to its need for the discretion to deny intervention were made by it to Congressional committees in unsuccessful opposition to the enactment of the present § 309(b).
 
 
 22
 In view of what has been said, we hold that the Commission's Rule 1.388(b) conflicts with § 309(b) of the Act; that Elm City, conceded by the Commission to be a party in interest, was statutorily entitled to the right of intervention and that the Commission erred in denying it that right. The only effective way to correct the error is to set aside the grant to WAVZ and to remand the proceeding to the Commission with directions that it conduct a new and full hearing in which Elm City, as well as the applicants and all other parties in interest, shall be permitted to participate, in accordance with the command of § 309(b).
 
 
 23
 So ordered.
 
 
 
 [1]
 Section 309(b) of the Act, 47 U.S.C.A. § 309(b) is as follows:
 'If upon examination of any such application the Commission is unable to make the finding specified in subsection (a) of this section (that the public interest will be served by granting the application), it shall forthwith notify the applicant and other known parties in interest of the grounds and reasons for its inability to make such finding. Such notice, which shall precede formal designation for a hearing, shall advise the applicant and all other known parties in interest of all objections made to the application as well as the source and nature of such objections. Following such notice, the applicant shall be given an opportunity to reply. If the Commission, after considering such reply, shall be unable to make the finding specified in subsection (a) of this section, it shall formally designate the application for hearing on the grounds or reasons then obtaining and shall notify the applicant and all other known parties in interest of such action and the grounds and reasons therefor, specifying with particularity the matters and things in issue but not including issues or requirements phrased generally. The parties in interest, if any, who are not notified by the Commission of its action with respect to a particular application may acquired the status of a party to the proceeding thereon by filing a petition for intervention showing the basis for their interest at any time not less than ten days prior to the date of hearing. Any hearing subsequently held upon such application shall be a full hearing in which the applicant and all other parties in interest shall be permitted to participate but in which both the burden of proceeding with the introduction of evidence upon any issue specified by the Commission, as well as the burden of proof upon all such issues, shall be upon the applicant.'
 
 
 [2]
 Long before the enactment of the amendment to the Communications Act which is now § 309(b), the Supreme Court held that the right to intervene claimed because of objectionable interference is a statutory right which cannot be denied. F.C.C. v. National Broadcasting Co. (KOA), 1943, 319 U.S. 239, 63 S.Ct. 1035, 87 L.Ed. 1374. As a result of this decision, the Commission amended its intervention rules to permit, as a matter of right, intervention sought because of objectionable interference. (Rules, 1.388(a).)
 
 
 [3]
 The Michigan station had previously disclaimed any interest in the matter
 
 
 [4]
 The concession was made or oral argument
 
 
 [5]
 There the Supreme Court held that one economically injured by a Commission decision is a party in interest who may appeal therefrom. Sanders Brothers Radio Station was a party before the Commission, so the question of intervention was not involved
 
 
 [6]
 In that case the Supreme Court said, 278 U.S. at page 278, 49 S.Ct. at page 136:
 '* * * Where doubts exist and construction is permissible, reports of the committees of Congress and statements by those in charge of the measure and other like extraneous matter may be taken into consideration to aid in the ascertainment of the true legislative intent. But where the language of an enactment is clear and construction according to its terms does not lead to absurd or impracticable consequences, the words employed are to be taken as the final expression of the meaning intended. And in such cases legislative history may not be used to support a construction that adds to or takes from the significance of the words employed. (Cases cited.)'
 See also United States v. American Trucking Ass'n, 1940, 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345.
 
 
 [7]
 The words 'seek intervention' constitute an understatement by the Commission, as its succeeding clause shows. Intead of saying 'could seek intervention,' the Commission should have said 'could intervene.'
 
 
 [8]
 This demonstrates the intent of Congress that the ruling of the Sanders Brothers case shall apply to intervention before the Commission as well as to an appeal from its order