## ALSTON COAL CO. et al. v. FEDERAL POWER COMMISSION et al.

### No. 2741.

Circuit Court of Appeals, Tenth Circuit.

Aug. 27, 1943.

Frank H. Terrell, of Kansas City, Mo., for petitioners.

Harry S. Littman, of Washington, D. C. (Charles V. Shannon and Robert L. Russell, both of Washington, D. C., on the brief), for respondent Federal Power Commission.

Before HUXMAN and MURRAH, Circuit Judges, and SAVAGE, District Judge.

HUXMAN, Circuit Judge.

This proceeding was instituted under the Natural Gas Act of 1938, 15 U.S.C.A. § 717 et seq. On October 20, 1939, following a complaint by the Public Service Commission of Missouri, the Federal Power Commission entered an order for an investigation of the gas rates of the Cities Service Gas Company. Notice was given fixing the time of a public hearing of the matter involved in the proceeding. On December 12, 1942, after the hearing had been in progress for a considerable time, the petitioners filed a petition with the Commission for leave to intervene, requesting that they be granted sixty days to assemble and prepare evidence showing the economic effect a reduction of the gas rates would have on the demand for petitioners' coal. They further requested that after the expiration of the sixty days, the case be set for further hearing. The application to intervene was denied, but petitioners were granted the right to participate in the hearing to the extent of presenting evidence material and relevant to the issues, and to file briefs and make oral arguments. This they refused to do. They have appealed from the order denying them the right to intervene. The case is before us on a motion by the Commission to dismiss the appeal. The motion is urged on the ground that the order appealed from is interlocutory in nature and is not a final, appealable order.

The determination of the question presented by the motion depends upon whether petitioners had the right under the statute in question to intervene. That in turn depends upon whether the matter they urge in their petition for intervention is a factor which must be considered by the Commission in determining the rate. It is a well settled principle of law that where intervention is a matter of right, an order denying the right to intervene is a final, appealable order. The late case of Federal Communications Commission v. National Broadcasting Company, 63 S.Ct. 1035, 87 L. Ed. ——, decided May 17, 1943, on which petitioners place strong reliance for the position they take, is authority in support of this statement. Aside therefrom, the case, however, has little value here. It arose under the Communications Act of 1934, 48 Stat. 1064, 47 U.S.C.A. §§ 35, 151 et seq. The provisions of that Act are materially different from those of the Act we have for consideration here. The rights of petitioners to intervene in this proceeding must be sought and found within the four corners of the Natural Gas Act.

The functions of the Commission under the Act fall into three general classifications. Section 717b directs the Commission to regulate the exportation or importation of natural gas. Section 717c to 717e inclusive, direct the Commission to fix and maintain just and reasonable rates and charges for gas. Section 717f directs the Commission to provide for the extension or abandonment of gas service.

Petitioners' position, as established by the petition for intervention, is that in fixing a rate for gas the Commission must consider and take into account the economic effect thereof upon competing companies selling other fuels in that territory. If such is the purpose of the Act, petitioners are interested parties and are entitled as a matter of right to intervene. Section 717 of the Act declares the necessity for regulation of the sale and distribution of gas to be the public interest. It is our conclusion that the purpose of those provisions of the Act relating to rates and prices of gas were passed to protect the consuming public against exorbitant and excessive charges for gas. The yardstick which the Commission must employ in a proceeding involving rates is clearly laid down in the Act. The Act directs the Commission to determine and establish just and reasonable

rates. It is directed to ascertain the fair and reasonable value of the property. It is too clear for doubt that when such value is ascertained, the Commission must then fix a rate which will yield a fair return on such value. Nowhere in the Act is there a suggestion which would justify the Commission in fixing higher rates in order to prevent economic injury to competing fuel. The effect of a gas rate upon a competing fuel industry is not a factor which under the Act the Commission may consider in a proceeding for the establishment of a gas rate. It follows that petitioners did not have the right under the Act to intervene for the purpose of establishing the economic effect a reduction in gas rates would have upon the coal industry.

The intervention section of the Act, Section 717n, has not been amended since its original enactment. It provides that "in any proceeding before it, the commission, in accordance with such rules and regulations as it may prescribe, may admit as a party any interested State, State commission, municipality, or any representative of interested consumers or security holders, or any competitor of a party to such proceeding, or any other person whose participation in the proceedings may be in the public interest." Intervention under this section is permissive and rests in the sound discretion of the Commission.

It is urged that the report of the House Committee on Interstate and Foreign Commerce[1] evidences a Congressional intent to grant the right to producers of competing fuel whose economic interest may be affected by a change in gas rates to intervene. In this report it was stated:

"Section 7(c) of the Natural Gas Act, as at present in force, has proved unsatisfactory not only from the standpoint of administration by the Commission, but also the natural-gas companies themselves, as well as to the producers of competing fuels and the operators of competitive methods of transportation whose economic interests may be affected by the construction or extension of natural-gas pipe lines.

"The bill, as amended, eliminates the objections to the present Section 7(c) above mentioned. By this legislation, the present jurisdictional disputes are eliminated, and the door is opened to the consideration by the Commission of the effect of construction and extensions upon the interests of producers of competing fuels and competitive transportation interests."

It may be that where permission is sought by a gas company to enter new territory, producers of competing fuel operating in the territory have the right to intervene and urge and have considered the economic effect thereof upon their business. It is sufficient for the purpose of this opinion to say that this is not such a proceeding. It arises under the rate making provisions of the Act. The yardstick which the Commission must use thereunder is entirely different from that which must be employed when permission is sought to make extensions or enter new territory.

We conclude that intervention by petitioners in this proceeding rested in the sound discretion of the Commission, and that the order of the Commission denying the right to intervene was not an appealable order.

The appeal is therefore dismissed.

---

[1] Report No. 1290, October 21, 1943.