## OKIN v. SECURITIES AND EXCHANGE COMMISSION.

### No. 19362.

Circuit Court of Appeals, Second Circuit.

July 14, 1944.

Samuel Okin, of New York City, pro se.

Roger S. Foster, Solicitor, Homer Kripke, Assistant Solicitor, Morton E. Yohalem, Counsel, Public Utilities Division, and Alfred Hill, Attorney, all of Philadelphia, Pa., for respondent.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

This case is before us upon cross-motions, one by the petitioner to stay three orders of the Commission pending petition for review thereof, and one by the respondent to dismiss the petition on the ground that the orders are not reviewable because not final.

The orders were made in connection with a proceeding designated by the Commission as File No. 59-12 involving Electric Bond & Share Company and other corporations registered under the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79 et seq. In this proceeding the petitioner, who is the owner of 9,000 shares of common stock of Electric Bond & Share Company, was granted the privilege of limited participation pursuant to the Commission's rules. On May 19, 1944 this privilege was revoked by the trial examiner. Mr. Okin appealed forthwith to the Commission and on May 23d it made the three "orders" in question. They are in the form of letters addressed to Okin in reply to letters written by him to the Commission. They deny a motion that the Commission overrule the trial examiner's revocation of Okin's privilege of limited participation; a motion that the hearing in progress before the trial examiner be continued for one week from May 22d; and a motion that the trial examiner be removed.

The "orders" challenged by Okin's petition are interlocutory. This is obviously so as to the refusals to remove the trial examiner and to grant a continuance of the hearing. Only final orders of the Commission are subject to review.

Jones v. Securities and Exchange Commission, 2 Cir., 79 F.2d 617, 619; cf. Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 385, 58 S.Ct. 963, 82 L Ed. 1408. Refusal to overrule the revocation of Okin's limited participation is likewise not reviewable. Whether a person shall be permitted to participate in the proceedings "in the public interest or for the protection of investors or consumers" is discretionary with the Commission. 15 U.S.C.A. § 79s; Rule XVII(g) of the Commission's Rules; cf. Alston Coal Co. v. Federal Power Comm., 10 Cir., 137 F.2d 740, 742. Refusal of such participation is like an order denying intervention in an action where intervention is not a matter of right. Such an order is not appealable. City of New York v. Consolidated Gas Co., 253 U.S. 219, 40 S.Ct. 511, 64 L.Ed. 870; United States v. California Co-op. Canneries, 279 U.S. 553, 556, 49 S.Ct. 423, 73 L.Ed. 838. Since the challenged orders are not subject to review, we have no power to stay them under section 24(b). 15 U.S.C.A. § 79x(b).

Petitioner's motion is denied; respondent's motion is granted.