**INTERSTATE BROADCASTING COM-
PANY, Inc., Appellant**

v.

**FEDERAL COMMUNICATIONS COM-
MISSION, Appellee,**

**Big River Broadcasting Corporation,
Intervenor.**

**No. 15333.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 25, 1960.

Decided June 2, 1960.

**627**

Mr. Maurice M. Jansky, Washington, D. C., for appellant. Messrs. Philip G. Loucks and Joseph F. Zias, Washington, D. C., also entered appearances for appellant.

Mr. Max D. Paglin, Asst. General Counsel, Federal Communications Commission, with whom Messrs. John L. FitzGerald, General Counsel, Federal Communications Commission, and Richard M. Zwolinski, Counsel, Federal Communications Commission, were on the brief, for appellee.

Messrs. Paul Dobin, Leonard H. Marks and Stanley S. Neustadt, Washington, D. C., entered appearances for intervenor.

Before EDGERTON, WILBUR K. MILLER and BURGER, Circuit Judges.

PER CURIAM.

The appellant, Interstate Broadcasting Company, licensee of WQXR, a Class I–B broadcast station operating in New York City on the clear channel frequency of 1560 kilocycles, appeals from an order entered November 5, 1958, by the Federal Communications Commission granting, without notice or hearing, the application of Big River Broadcasting Corporation for authority to construct a new standard broadcast station in Kingston, New York, on the frequency of 1550 kilocycles. The appeal is also from an order of the Commission adopted July 22, 1959, denying Interstate's petition for reconsideration of the order of November 5, 1958.

In a stipulation entered into by counsel for all the parties and approved by order of this court dated November 25, 1959, it was agreed that the following question is presented by this appeal:

"Whether Appellant's allegations of economic injury, which would result solely from adjacent channel interference causing loss of listeners outside the contour within which Appellant's station is normally protected against such interference but within the contour normally protected against co-channel interference, were sufficient to establish that, as a matter of law, Appellant is a person aggrieved or whose interests are adversely affected within the meaning of Section 405 of the Communications Act of 1934, as amended [47 U.S.C.A. § 405], so as to bring this matter within the rule of Metropolitan Television Company v. Federal Communications Commission, 95 U. S.App.D.C. 326, 221 F.2d 879."

Interstate alleged in its petition for reconsideration, and argues here, it would lose an unspecified number of listeners outside the contour within which its station is normally protected because of interference from the proposed new station which will operate on an adjacent channel. This allegation and

**628**

the claim of resultant economic injury are not sufficiently factual to constitute an averment of aggrievement within the meaning of the Metropolitan Television Company case.

Affirmed.