INTERSTATE BROADCASTING COMPANY, Inc., Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

Patchogue Broadcasting Company, Inc., Intervenor.

No. 15406.

United States Court of Appeals District of Columbia Circuit.

Argued April 8, 1960.

Decided Nov. 17, 1960.

Mr. Maurice M. Jansky, Washington, D. C., for appellant. Messrs. Philip G. Loucks and Joseph F. Zias, Washington, D. C., also entered appearances for appellant.

Mr. Richard M. Zwolinski, Counsel, Federal Communications Commission, with whom Messrs. John L. FitzGerald, General Counsel, Federal Communications Commission, and Max D. Paglin, Assistant General Counsel, Federal Communications Commission, were on the brief, for appellee.

Messrs. Samuel Miller and Mark E. Fields, Washington, D. C., entered appearances for intervenor, Patchogue Broadcasting Company, Inc.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON and PRETTYMAN, Circuit Judges.

PER CURIAM.

The appellant, Interstate Broadcasting Company, licensee of WQXR, a Class I–B broadcast station operating in New York City on the clear channel frequency of 1560 kilocycles, appeals from an order entered July 15, 1959, by the Federal Communications Commission granting, without hearing, the application of Patchogue Broadcasting Company, Inc., for authority to construct a new standard broadcast station at Riverhead, New York, on the frequency of 1570 kilocycles with a power of 1000 watts. The appeal

is also from an order of the Commission adopted September 9, 1959, dismissing Interstate's protest of the order of July 15, 1959.

In a stipulation entered into by counsel for all the parties and approved by order of this court dated December 16, 1959, it was agreed that the following question is presented by this appeal:

"Whether Appellant's allegations of economic injury, which would result solely from adjacent channel interference causing loss of listeners outside the contour within which Appellant's station is normally protected against such interference but within the contour normally protected against co-channel interference, were sufficient to establish that, as a matter of law, Appellant is a person aggrieved or whose interests are adversely affected within the meaning of Section 309(c) of the Communications Act of 1934, as amended, so as to bring this matter within the rule of Metropolitan Television Co. v. Federal Communications Commission, 95 U.S.App.D.C. 326, 221 F.2d 879."

This case is much like Interstate Broadcasting Company v. Federal Communications Comm., 108 U.S.App.D.C. 263, 280 F.2d 626, where Interstate appealed from an order granting, without hearing, the application of Big River Broadcasting Corporation for authority to construct a new standard broadcast station in Kingston, New York, on the frequency of 1550 kilocycles with a power of 500 watts. The stipulated question presented to us in the Big River case was exactly that which is stipulated as the question here.

In the Big River case, we held Interstate's allegation that, because of interference from the proposed new station, it would lose an unspecified number of listeners outside its normally protected contour, and its claim of resultant economic injury, were not sufficiently factual to constitute an averment of aggrievement

within the meaning of the Metropolitan case. The Big River matter was a border-line case in which the comparative weakness of the new station's power played a part in our decision that Interstate's allegations concerning its probable loss of listeners were not factual enough to bring it within the Metropolitan decision. Thus we held in the Big River case that allegations of resultant economic injury advanced by a protestant must be factual and not merely speculative or conjectural in vague generalities.

In the present case Interstate alleged with specificity the facts upon which it based its protest. To be sure, the area, the population, and the Interstate listeners shown to be affected are relatively small. But the allegations are factual and are specific. Moreover, they show the dispute now at bar to be part of a larger potential development of interference, and so the specific factual allegations take on greater stature than they would have in isolation. Such is frequently the case in respect to lawsuits over small specific facts involving large problems in total facts or important principles of law. If, for example, the entire service area of Interstate were to be chipped away in small bits by separate actions, each upon the same basic grounds, and if Interstate had no standing to protest the loss of any small bit, its ability to protest the loss of the whole area, or to protest the basic ground of its destruction, would be denied. We think this total denial of the right to a hearing cannot be achieved by a piecemeal treatment. The facts as to each small loss must be alleged, as we held in the Big River case, specifically and concretely. But, if they are so alleged, and if it be shown that the small facts are part of a much larger factual picture, the smallness of the immediately disputed facts cannot deny the protestant his right to a hearing. We are deciding merely that the allegations of Interstate were sufficient to entitle it to a hearing under the doctrine of Metropolitan. We think they showed the appellant is "likely to be fi-

nancially injured" [1] by interference from the proposed new station.

We hold, therefore, that Interstate sufficiently pleaded aggrievement to show it was a party in interest within the meaning of Section 309(c) of the Communications Act of 1934, as amended.[*] Consequently, the orders appealed from will be set aside, so the Commission may conduct a hearing on Patchogue's application, at which Interstate will be a party. We emphasize the fact that we intimate no opinion on the merits of the protest.

Reversed.

1. The likelihood of financial injury is enough to make the protestant an aggrieved party. He is not required to demonstrate that such injury actually, of necessity, will occur. Federal Communications Comm. v. Sanders Bros. Radio Station, 1940, 309 U.S. 470, 60 S.Ct. 693, 84 L.Ed. 869; Greenville Television Co. v. Federal Communications Comm., 1955, 95 U.S.App.D.C. 314, 221 F.2d 870; Camden Radio Inc. v. Federal Communications Comm., 1955, 94 U.S.App.D.C. 312, 220 F.2d 191.

[*] 47 U.S.C.A. § 309(c).