**INTERSTATE BROADCASTING COM-
PANY, Inc., Petitioner,**

v.

**UNITED STATES of America, and Federal Communications Commission,
Respondents,**

**Grossco, Inc., Intervenor.**

**No. 15561.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 31, 1960.

Decided Dec. 22, 1960.

Messrs. Maurice M. Jansky and Carl H. Imlay, Washington, D. C., for petitioner. Mr. Philip G. Loucks, Washington, D. C., also entered an appearance for petitioner.

Mr. Max D. Paglin, Asst. Gen. Counsel, Federal Communications Commission, with whom Messrs. John L. FitzGerald, Gen. Counsel, Federal Communications Commission, and Richard M. Zwolinski, Counsel, Federal Communications Commission, were on the brief, for respondent, Federal Communications Commis-

sion. Mr. Richard A. Solomon, Atty., Dept. of Justice, was on the brief, for respondent, United States of America.

Mr. Howard F. Roycroft, Washington, D. C., with whom Mr. Stanley S. Harris, Washington, D. C., was on the brief, for intervenor. Messrs. Lester Cohen and Parker D. Hancock, Washington, D. C., also entered appearances for intervenor.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and BASTIAN, Circuit Judges.

BAZELON, Circuit Judge.

On July 29, 1959, the Federal Communications Commission consolidated for comparative hearing seven applications to establish radio broadcast stations in several New England communities on a frequency of 1550 kilocycles.[1] Interstate Broadcasting Company, Inc. (WQXR) is licensed to operate in New York City on the adjacent frequency of 1560 kilocycles. After having objected to the Commission that a grant of a license to either of two of the applicants in the comparative proceeding, Berkshire Broadcasting Corp., and Grossco, Inc., would economically injure Interstate and would create objectionable interference to the service of WQXR in the Hartford, Connecticut, area, Interstate petitioned to intervene in the Commission's licensing proceeding as a "party in interest" under § 309(b) of the Communications Act of 1934.[2] The Commission denied the petition on the ground that the allegations were not sufficient to indicate that Interstate was a "party in interest" and thus entitled to intervene.[3] Invoking § 402(a) of the Communications Act's review provisions,[4] Interstate has petitioned us to review

1. An eighth application to establish a station on a frequency of 1570 kilocycles was also consolidated for the comparative hearing.

2. Section 309(b) provides in part:
   "The parties in interest, if any, who are not notified by the Commission of its action with respect to a particular application may acquire the status of a party to the proceeding thereon by filing a petition for intervention showing the basis for their interest at any time not

less than ten days prior to the date of hearing." 48 Stat. 1085 (1934), as amended, 66 Stat. 715, 47 U.S.C.A. § 309(b) [now subd. (e)].

3. 19 Pike & Fischer Radio Reg. 608 (1960).

4. "Any proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by

the Commission's order denying intervention.

We are met at the outset with the question of the present reviewability under § 402(a) of an order denying intervention. Only final orders are subject to immediate review under this section.[5]

Interstate urges that intervention by a "party in interest" is a matter of right rather than subject to the Commission's discretion and that an order denying intervention as a matter of right is a final order subject to immediate review.

■ We agree that intervention under § 309(b) by a party in interest is a matter of right. Frontier Broadcasting Co. v. United States, 1959, 105 U.S.App.D.C. 161, 265 F.2d 353; Elm City Broadcasting Corp. v. United States, 1956, 98 U.S.App.D.C. 314, 235 F.2d 811.[6] And there is ample authority for the proposition that a denial of the *right* to intervene is an immediately reviewable order. In Brotherhood of Railroad Trainmen v. Baltimore & O. R. Co., 1947, 331 U.S. 519, 67 S.Ct. 1387, 1390, 91 L.Ed. 1646, the Supreme Court held that a district court's denial of intervention as of right was a final order subject to immediate appellate review whereas the denial of a discretionary privilege of intervention was not reviewable. In explaining this distinction, the Court stated:

"The permissive nature of such [discretionary] intervention necessarily implies that, if intervention is denied, the applicant is not legally bound or prejudiced by any judgment that might be entered in the case. He is at liberty to assert and protect his interests in some more appropriate proceeding. Having no adverse effect upon the applicant, the order denying intervention accordingly falls below the level of appealability. But where a statute or the practical necessities grant the applicant an absolute right to intervene, the order denying intervention becomes appealable. Then it may fairly be said that the applicant is adversely affected by the denial, there being no other way in which he can better assert the particular interest which warrants intervention in this instance.[7]"

Language in several courts of appeals decisions indicates that this rule is applicable to denial of intervention in administrative as well as judicial proceedings;[8] and in Public Service Comm. of New York v. Federal Power Comm., 109 U.S.App.D.C. —— 284 F.2d 200, we held that the Power Commission's denial of the right to intervene was an immediately reviewable order under § 19(b) of the Natural Gas Act.[9] Consequently, unless there are valid countervailing considerations, it appears that the Commission's

and in the manner prescribed in chapter 19A of Title 5." 47 U.S.C.A. § 402(a). See note 5 infra.

5. Chapter 19A of Title 5 provides in pertinent part:
  "The court of appeals shall have exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of, all final orders (a) of the Federal Communications Commission made reviewable in accordance with the provisions of section 402(a) of Title 47 * * * *." 64 Stat. 1129 (1950), as amended, 5 U.S.C.A. § 1032.

6. In both Frontier and Elm City we had occasion to deal with the question of the immediate reviewability under § 402(a) of a denial of intervention. In both cases, however, the Commission had concluded its proceedings and the would-

be intervenor appealed as well under § 402(b) from the final grant of the license. The court in each case, therefore, considered the § 402(a) reviewability question to be mooted by the appeal under § 402(b).

7. 331 U.S. at page 524, 67 S.Ct. at page 1390. See also Sutphen Estates, Inc. v. United States, 1951, 342 U.S. 19, 72 S.Ct. 14, 96 L.Ed. 19.

8. See Okin v. Securities & Exchange Comm., 2 Cir., 1944, 143 F.2d 960, 961; Alston Coal Co. v. Federal Power Comm., 10 Cir., 1943, 137 F.2d 740, 741. Cf. Virginia Petroleum Jobbers Ass'n v. Federal Power Comm., 1958, 104 U.S.App.D.C. 106, 110, 259 F.2d 921, 925.

9. 52 Stat. 831 (1938) as amended, 15 U.S.C.A. § 717r(b).

denial of intervention is presently reviewable.

The Commission argues that its order should not be considered final because of the procedures available for judicial review under the Communications Act. First, it contends that present review is premature because Interstate may not be injured by the ultimate grant of a license since only two of the eight mutually exclusive applicants will allegedly interfere with WQXR's signal. Second, the Commission argues that, since Interstate can appeal under § 402(b)[10] from the final grant if it be injurious, there is no reason for present "piece-meal" review.

The Commission's first contention is without merit. The Commission mistakes the function of intervention under § 309(b). The Supreme Court's decisions in Federal Communications Comm. v. Sanders Bros. Radio Station, 1940, 309 U.S. 470, 642, 60 S.Ct. 693, 84 L.Ed. 869; and Federal Communications Comm. v. National Broadcasting Co. (KOA), 1943, 319 U.S. 239, 63 S.Ct. 1035, 87 L.Ed. 1374, indicate that, although it is private interest which confers standing to appeal or the right to intervene, the function of the intervenor is to urge the public interest.[11] In view of this rationale, and the standard of "public interest, convenience and necessity" upon which the Commission is to determine whether an applicant is entitled to the grant,[12] we think it incongruous to foreclose present review of the denial of intervention merely because the would-be intervenor ultimately might not suffer private injury as a result of the Commission's action.

The Commission's other contention may have more merit. The cases which have held denial of the right of intervention to be immediately reviewable seemed concerned with the lack of any other means by which the would-be intervenor could protect his alleged right. In Brotherhood of Railroad Trainmen, the Supreme Court stated:

"[S]ince he [the would-be intervenor] cannot appeal from any subsequent order or judgment in the proceeding unless he does intervene, the order denying intervention has the degree of definitiveness which supports an appeal therefrom.[13]"

And in Public Service Comm. of New York v. Federal Power Comm., we said:

"[H]e most certainly is aggrieved in the sense that his right to represent his interests before the Commission *has been finally determined*.[14]"

This language gains meaning from our additional holding that under the Natural Gas Act the would-be intervenor was not a "party to the proceedings" and consequently had no standing to raise the denial of intervention in a petition for review of the Commission's ultimate order.

It is clear, however, as the Commission asserted during oral argument, that Interstate could obtain review of the denial of intervention by appeal from the terminal Commission action under § 402 (b)(6).[15] Therefore, it may be contend-

---

10. "Appeals may be taken from decisions and orders of the Commission to the United States Court of Appeals for the District of Columbia in any of the following cases:
  \*   \*   \*   \*   \*   \*
  "(6) By any other person who is aggrieved or whose interests are adversely affected by any order of the Commission granting or denying any application described in paragraphs (1)–(4) of this subsection." 48 Stat. 926, 1093 (1934), as amended, 47 U.S.C.A. § 402(b) (6).

11. Cf. City of Pittsburgh v. Federal Power Comm., 1956, 99 U.S.App.D.C. 113, 237 F.2d 741; Associated Industries of New York State v. Ickes, 2 Cir., 1943, 134 F.2d 694, vacated as moot, 1934, 320 U.S. 707, 64 S.Ct. 74, 88 L.Ed. 414.

12. 48 Stat. 1085 (1934), as amended, 47 U.S.C.A. § 309(a).

13. 331 U.S. at page 524, 67 S.Ct. at page 1390.

14. 284 F.2d 204, emphasis supplied.

15. See note 10 supra.

ed that the denial of intervention should not here be considered final.

We recognize that the bifurcated review provisions of § 402 may present a basis for excepting orders of the Communications Commission from the rule that denial of the right to intervene is a final reviewable order. We think, however, that strong reasons militate against such an exception. In the Sanders and National Broadcasting Co. (KOA) cases, the Supreme Court held that parties adversely affected by the Commission's grants of licenses, either because of the likelihood of economic injury or because of electrical interference constituting a license modification, had standing to appeal from the Commission's grants. In § 309(b) Congress expressly determined that such parties in interest should first be allowed to urge their contentions as to the public interest before the Commission.[16] It appears that Congress sought to insure that these claims be heard by the Commission in its initial proceeding. By precluding review of a denial of intervention until after the Commission has made its ultimate grant or denial of a license, we would, in effect, re-instate the situation which Congress intended to alleviate in § 309(b) when it conferred upon parties in interest the unconditional right to intervene in the Commission's proceedings. In addition, realistic appraisal of the consequences of the timing of judicial review may justify immediate rather than only ultimate review. If review of the denial of intervention is allowed only under § 402(b), a decision that the appellant was entitled to intervene would require duplication of the entire administrative proceeding. This would not necessarily occur, however, in the case of immediate review under § 402(a) because the proceeding may not have been completed. If the Commission believes there is sufficient doubt as to the propriety of its denial of intervention, it may alleviate any risk of retracing its efforts in the event of reversal, by staying its proceeding pending judicial determination of the intervention question.[17] On the other hand, it need not stay the proceedings if it views the intervention appeal to be without merit.

There is yet another reason for immediate review in cases such as this where intervention is sought in a comparative proceeding and a grant to only one or some of the mutually exclusive applicants would be allegedly inimical to the would-be intervenor's interests. Since he would be "aggrieved" or his "interests [would be] * * * adversely affected" within the meaning of § 402(b)(6) only if the license were granted to one of the applicants who would cause interference and consequent economic injury, the likelihood of the would-be intervenor having standing to appeal is substantially diminished. Consequently, absent the allowance of immediate review under § 402(a), the Commission may be deprived of evidence of the "public interest, convenience, and necessity" which it ought to have before it if the would-be intervenor is in fact a party in interest.

On balance, therefore, we think these considerations outweigh the contentions against immediate review. Consequently, we hold that the denial of an alleged party in interest's right to intervene under § 309(b) is a final order and immediately reviewable under § 402(a). Since the Commission's order is properly here for review, we turn to the question of whether the Commission correctly determined that Interstate's petition for intervention failed to show "the basis for [its] * * * interest * * *."[18]

16.. See S.Rep. No. 44, 82d Cong., 1st Sess. 8 (1951).

17. Administrative Procedure Act, § 10(d), 60 Stat. 243 (1946), 5 U.S.C.A. § 1009 (d); Communications Act of 1934, § 4 (j), 48 Stat. 1066, as amended, 47 U.S. C.A. § 154(j).

18. 48 Stat. 1085 (1934), as amended, 47 U.S.C.A. § 309(b).

The dispute between Interstate and the Commission as to the sufficiency of a party's allegations of economic injury to establish that it is a "party in interest" is not new to us. We were presented with essentially the same question in the context of the protest provisions of § 309(c) in Interstate Broadcasting Co. v. Federal Communications Comm., (Big River Broadcasting Corp.), 108 U.S.App.D.C. 78, 280 F.2d 626; and Interstate Broadcasting Co. v. Federal Communications Comm., (Patchogue Broadcasting Co.), 109 U.S.App.D.C. ——, 285 F.2d 270. In the Patchogue case, we held that Interstate sufficiently pleaded that it was likely to be financially injured by interference from the proposed new station to qualify as a party in interest under our decision in Metropolitan Television Co. v. Federal Communications Comm., 1955, 95 U.S.App.D.C. 326, 221 F.2d 879. We cannot find any significant difference between the allegations of economic injury in Interstate's protest in that case and the allegations in the petition to intervene in the present case. Because of the cumulative effect of the several proceedings which may grant licenses creating interference to WQXR's signal, the alleged injury cannot be considered de minimis.[19] And we cannot accept the Commission's apparent contention that Interstate was required to "plead its evidence" of financial injury in the petition. Of course the likelihood of such injury must exist, but Interstate is statutorily entitled to intervene until it be found by the Commission in either the comparative proceeding or in a separate hearing, if the Commission should so require, that no substantial injury could result from the grant to either Grossco or Berkshire. The order denying intervention is therefore reversed and the Commission is directed to allow Interstate to intervene in the comparative proceeding.

So ordered.

---

19. See Interstate Broadcasting Co. v. Federal Communications Comm., 109 U.S.App.D.C. ——, 285 F.2d 270.