**AMERICAN COMMUNICATIONS ASSO-
CIATION, Petitioner,**

v.

**UNITED STATES of America and Federal Communications Commission,
Respondents.**

No. 254, Docket 27309.

United States Court of Appeals
Second Circuit.

Argued Jan. 10, 1962.

Decided Jan. 10, 1962.

Victor Rabinowitz, New York City (Rabinowitz & Boudin, New York City, on the brief), for petitioner.

Daniel R. Ohlbaum, Asst. Gen. Counsel, Federal Communications Commission, Washington, D. C. (Max D. Paglin, Gen. Counsel, Ruth V. Reel and Richard M. Zwolinski, Federal Communications Commission; Lee Loevinger, Asst. Atty. Gen., and Richard A. Solomon, Dept. of Justice, Washington, D. C., on the brief), for respondents.

Before LUMBARD, Chief Judge, and CLARK and MARSHALL, Circuit Judges.

LUMBARD, Chief Judge.

Having granted the petition of American Communications Association[1] in open court, we herewith elaborate our views.

This petition was brought under 47 U. S.C.A. § 402(a) and 5 U.S.C.A. §§ 1031–1041, to review an order of the Federal Communications Commission denying ACA's motion to intervene in an investigation of the lawfulness of the American Telephone and Telegraph Company's tariffs for its TELPAK voice and record communication services.

The investigation was begun under 47 U.S.C.A. § 204 on September 8, 1961 in response, *inter alia,* to a petition by the Western Union Telegraph Company, which provides services competing with TELPAK. In addition to Western Un-

1. Hereafter referred to as "ACA."

ion, various other parties were permitted to intervene in the proceedings, including, among others, the American Trucking Association and the National Association of Manufacturers. ACA, which is a trade union representing Western Union employees in the New York City metropolitan area, applied to intervene under Rule 1.104(b) of the FCC's Rules, 47 CFR § 1.104(b).[2] Pursuant to the criteria set forth in the Rule, the Acting Chief Hearing Examiner on October 2, 1961 denied ACA's motion, saying that "a showing has not been made as to the manner in which its participation will assist the Commission in the determination of the issues in question. * * *" The Commission denied ACA's appeal on November 8, 1961, and on December 6, 1961 denied its motion for reconsideration by a vote of 3 to 2. The Commission supported this last action with a brief opinion in which it conceded that ACA was a party in interest, but stated that as a matter of discretion it concluded that its participation would not be useful. It went on to say that, "In our view, the ACA petition for reconsideration evinces a continued unwillingness on the part of ACA to conform the evidentiary showing it does propose to make in this case to the issues set forth in our order of suspension and investigation of September 7, 1961 (FCC 61–1039), but rather proposes to address such evidentiary showing to matters of international as well as domestic commu-

nications policy beyond the scope of such issues." The avowed purpose of ACA's petition to intervene was to show "first, that A. T. & T. is moving relentlessly and with some speed into the record communications field both domestically and internationally and, second, that Western Union (and, indeed, the international carriers as well) cannot survive if this process is permitted to continue unchecked."

Subsequent to the Commission's denial of this final motion before it, several days of hearings in the investigation were held in December of 1961. ACA petitioned this Court for review on December 15. On January 2, 1962, we declined to stay the proceedings, but provided for an expedited hearing to be held on January 10. Meanwhile the FCC hearing was recessed until January 22.

In our view this petition raises squarely the question whether the FCC in a proceeding under 47 U.S.C.A. § 204 can, as a matter of discretion, refuse to permit intervention by an interested party which would have the right to seek judicial review of an adverse final order resulting from that hearing. We hold that it cannot.

*1. Appealability*—A preliminary question arises whether under 47 U.S.C.A. § 402(a) and 5 U.S.C.A. § 1032[3] the Commission's order denying intervention is a "final order" and thus reviewable at this stage of the proceedings. The Com-

---

2. Rule 1.104(b) of the Rules of the Commission reads as follows:

"Any other person desiring to participate as a party in any hearing may file a petition for leave to intervene not later than 10 days prior to the date of the hearing. The petition must set forth the interest of the petitioner in the proceedings and must show how such petitioner's participation will assist the Commission in the determination of the issues in question, and such petitions must be accompanied by the affidavit of a person with knowledge as to the facts set forth in the petition. The Commission, in its discretion, may grant or deny such petition or may permit intervention by such persons limited to particular issues or to a particular stage of the proceeding."

3. 47 U.S.C.A. § 402(a) reads as follows:
"Any proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in Chapter 19A of Title 5."
5 U.S.C.A. § 1032 reads in part as follows:
"The court of appeals shall have exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of, all final orders (a) of the Federal Communications Commission made reviewable in accordance with the provisions of section 402(a) of Title 47 * * *."

mission in its brief concedes that an order denying intervention claimed as of right is immediately appealable, and we see no logic to its circular argument that the intervention sought here by the Association is discretionary. ACA's contention is that it does have a right to intervene, and so by the Commission's own concession it is incumbent upon us to determine at the outset whether such a right exists.

■■ We agree with Judge Bazelon's conclusion in Interstate Broadcasting Co. v. United States, 109 U.S.App.D.C. 255, 286 F.2d 539 (1960), that immediate review is to be desired even though it would seem to remain open to the ACA to raise the denial of intervention later if it is aggrieved by the ultimate order, see FCC v. National Broadcasting Co. (KOA), 319 U.S. 239, 63 S.Ct. 1035, 87 L.Ed. 1374 (1943); Elm City Broadcasting Corp. v. United States, 98 U.S.App.D.C. 314, 235 F.2d 811 (1956). Arguments against piecemeal review are outweighed by the desirability of avoiding the waste that would result from requiring a second complete hearing with the intervenor present. Moreover, the purpose of such a hearing as this is not to vindicate private rights but to advance the public interest, and whatever the intervenor may have to contribute should be heard even if he is not ultimately aggrieved by the turn the final order takes (and thus has no standing to assert at that stage the error of excluding him).

■ *2. The Right to Intervene*—It is conceded by the Commission that ACA, even without participation in the proceedings before the Commission, would be entitled under 47 U.S.C.A. § 405, as a "person aggrieved or whose interests are adversely affected", to petition the Commission for rehearing of any final order adverse to it, and thereafter to seek judicial review under 47 U.S.C.A. § 402(a)

and 5 U.S.C.A. § 1034 as a "party aggrieved." See National Coal Ass'n v. FPC, 89 U.S.App.D.C. 135, 191 F.2d 462 (1951), which builds upon the general principles elaborated by this court in Associated Industries of New York State v. Ickes, 134 F.2d 694 (2 Cir. 1943). The Commission's order denying intervention implied as much in its finding that the Association was a party in interest within the meaning of its Rule 1.104(b). We think that fairness requires that one with such a recognized interest in the outcome of the agency proceeding must be permitted to participate in it from the outset.

Rule 1.104(b), in which the FCC asserts its discretionary power over intervention, depends for its existence upon the power of the FCC under 47 U.S.C.A. § 154(j) to "conduct its proceedings in such manner as will best conduce to the proper dispatch of business and to the ends of justice." Although petitioner does not raise the point, this power is also limited by § 6(a) of the Administrative Procedure Act, 5 U.S.C.A. § 1005 (a),[4] which we construe to give "any interested person" the right to intervene in a proceeding "so far as the orderly conduct of public business permits." We do not consider that the orderly conduct of public business justifies the exclusion of petitioner from this investigation.

■ Although this is not a case—as National Coal Ass'n v. FPC, supra 191 F.2d at 467, was assumed to be—where any potentially aggrieved person must in fairness be permitted to intervene at the hearing stage because only "parties" can seek judicial review, a similar principle applies to the present situation. In National Coal, intervention was necessary to secure the right to review; here intervention is necessary in order to make the right to review effective. Although 47 U.S.C.A. § 405 permits new evidence to be taken at the discretion of the Com-

---

4. 5 U.S.C.A. § 1005(a) in part reads as follows:

"So far as the orderly conduct of public business permits, any interested person may appear before any agency or its responsible officers or employees for the presentation, adjustment, or determination of any issue, requests, or controversy in any proceeding (interlocutory, summary, or otherwise) or in connection with any agency function."

mission on a rehearing at the petition of a nonparty, this is not an effective substitute for the right to adduce evidence, to cross-examine witnesses, and to present arguments at the initial hearing.[5] Interested persons must be allowed the option of participation from the outset. We are unconvinced by the Commission's argument that it must restrict the participation of interested parties before it in order to keep its hearings within a reasonable scope. The Commission has ample power under 47 U.S.C.A. § 154 (j) to control the scope of its hearings.[6]

Petition granted. The Commission is directed to permit intervention.

---

5. The fact that in 1952 Congress saw fit to provide explicitly in 47 U.S.C.A. § 309 (e), 66 Stat. 715 that "parties in interest" should have an absolute right to intervene in licensing proceedings does not necessarily justify any inference that such a right could not be inferred judicially from the already existing statutes.

6. See especially 47 C.F.R. § 1.104(c): "The granting of any petition to intervene shall not have the effect of changing or enlarging the issues specified in the Commission's notice of hearing unless the Commission shall on notice amend the same."