The CITY OF HOUSTON, TEXAS and The Houston Chamber of Commerce, Petitioners,

v.

CIVIL AERONAUTICS BOARD, Respondent.

No. 17219.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 18, 1963.

Decided April 4, 1963.

---

1. Defense counsel objected to each answer made by the judge. We think the objections were properly overruled.

Mr. Cecil A. Beasley, Jr., Washington, D. C., with whom Messrs. R. J. Shortlidge, Jr., and John W. Kern, III, Washington, D. C., were on the brief, for petitioners.

Mr. O. D. Ozment, Associate Gen. Counsel, Litigation and Legislation, Civil Aeronautics Board, with whom Messrs. John H. Wanner, Gen. Counsel, Joseph B. Goldman, Deputy Gen. Counsel, Robert L. Toomey, Atty. Civil Aeronautics Board, and Lionel Kestenbaum, Atty., Dept of Justice, were on the brief, for respondent.

Before EDGERTON, WASHINGTON and BASTIAN, Circuit Judges.

PER CURIAM.

This is a proceeding brought pursuant to Section 1006 of the Federal Aviation Act of 1958, as amended,[1] to review an order of the Civil Aeronautics Board denying the City of Houston and the Houston Chamber of Commerce leave to intervene in the American-Eastern Merger case, Docket 13355. By various orders the Board granted leave to intervene to thirty other companies, organizations, and the City of Dallas and the Dallas Chamber of Commerce, but by a three to two vote it denied petitioners leave to intervene as parties.[2]

Before June 11, 1961, Houston received no single-plane transcontinental air service. Dallas was served on three transcontinental routes providing single-plane service. In response to a Houston petition dated May 4, 1956, the Board instituted the Southern Transcontinental Service case, Docket 7984.[3] By a subsequent order [4] the Board consolidated certain applications in the Dallas to the West Service case, Docket 7596, with Docket 7984, and expanded the scope of Docket 7984. The Board's final decision [5] in the Southern Transcontinental Service case completely revamped the southern transcontinental route pattern through Houston and Dallas. The interchanges through Dallas were terminated, and National Airlines was certificated on a Florida-California route via Houston. The Board's opinion stated:

"* * * It is difficult to examine the record in this proceeding without realizing the relatively limited air traffic volume between Miami and the West Coast. * * *

"In these circumstances, and in view of the substantial amount of competitive service being author-

1. 72 Stat. 795, 49 U.S.C. § 1486.

2. Order E–18442 (June 12, 1962).

3. Order E–12279 (March 24, 1958).

4. Order E–12861, 30 C.A.B. 70 (August 5, 1958).

5. Order E–16500 (March 31, 1961), affirmed in all essential respects by Order E–16860 (May 26, 1961) on reconsideration.

ized over portions of the Florida-California transcontinental route, we agree with the Examiner that only one carrier should be authorized to provide direct single-carrier service between Florida and California." [6]

The final order in Southern Transcontinental Service left Eastern Air Lines with through-plane service between Florida and Dallas,[7] and American Airlines with routes between Dallas and the West Coast. If both routes are transferred to the Eastern-American combine and no restriction is imposed on through operation via Dallas, Houston fears that National's Florida-California service via Houston would be seriously impaired.

■ The measure of the right to intervene before the Civil Aeronautics Board is "substantial interest." [8] Denial of the right to intervene founded on a claim of substantial interest is immediately reviewable.[9]

We think it clear that Houston has demonstrated that it has a substantial interest in the American-Eastern Merger case and that the Board erred in denying its petition to intervene while leaving the issues in Docket 13355 unrestricted.[10]

■ Contrary to the Board's holding, the interest of Houston in this proceeding is not the same as that of the approximately one hundred and twenty-six other cities on the combined routes of Eastern and American. Houston's interest is that of a municipality, closely linked to another municipality with competing interests,[11] which has been granted the right of intervention without restriction in a proceeding which might affect or vitiate a prior Board decision in which Houston had a "substantial interest." In such a situation Houston has a "substantial interest" in presenting its side of the case in the proceeding. Essential fairness dictates this.

■ The Board's reliance on Eastern Air Lines v. Civil Aeronautics Bd.[12] is misplaced. That case involved American Airline's application for a temporary exemption to allow over-flying Dallas-Houston on its New York-Mexico route. Houston and Dallas, denied intervention below, sought leave to intervene on appeal under Rule 38(f). This court denied intervention "for lack of a showing that the order sought to be reviewed affects a legal right or a legal duty of the city * * *." Where a non-party seeks to intervene on appeal under Rule 38(f) the quantum of interest required is greater than "substantial interest." [13]

We therefore vacate Paragraph 3 of Order E–18442, which denies Houston leave to intervene, and remand this matter to the Board for action consistent with this opinion.

Vacated and remanded.

6. Ibid.

7. In Braniff Airways, Inc. v. Civil Aeronautics Board, 113 U.S.App.D.C. 132, 306 F.2d 739 (1962), this court set aside the award to Eastern Air Lines and remanded that phase of Southern Transcontinental Service to the Board. We are advised that Eastern is now flying this route under temporary authority.

8. 74 Stat. 901, 72 Stat. 795, 49 U.S.C. §§ 1378(b) and 1486(a) ; Seaboard & Western Airlines v. Civil Aeronautics Bd., 86 U.S.App.D.C. 64, 181 F.2d 515 (1949), ·

cert. denied, 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372 (1950).

9. Cf. Interstate Broadcasting Co. v. United States, 109 U.S.App.D.C. 255, 286 F. 2d 539 (1960).

10. Cf. Seaboard & Western Airlines v. Civil Aeronautics Bd., 86 U.S.App.D.C. 9, 181 F.2d 777 (1949).

11. 30 C.A.B. 44, 46.

12. Motions to intervene on appeal denied March 13, 1954, No. 12,068 on the docket of this court. ·

13. Cf. Fed.R.Civ.P. 24.