**PEPSICO, INC., Plaintiff,**

v.

**FEDERAL TRADE COMMISSION et al., Defendants.**

**No. 72 Civ. 1770.**

United States District Court,
S. D. New York.

June 2, 1972.

Kaye, Scholer, Fierman, Hays & Handler, by Milton Handler, New York City, for plaintiff.

Whitney North Seymour, Jr., U. S. Atty., for the S. D. of New York, by Richard S. Toder, Asst. U. S. Atty., New York City, for defendants.

Hughes, Hubbard & Reed, by Robert J. Sisk, New York City, for the intervenor Pepsi-Cola Bottling Co. of Corvallis, Inc.

CANNELLA, District Judge.

Plaintiff's application for a preliminary injunction, made pursuant to Rule 65(a) of the Federal Rules of Civil Procedure (F.R.Civ.P.), is denied.

Defendants' motion to dismiss the complaint for lack of jurisdiction over the subject matter, made pursuant to Rule 12(b) (1), F.R.Civ.P., is granted.[1]

On July 15, 1971 the Federal Trade Commission instituted proceedings against the plaintiff and other soft drink manufacturers alleging violations of Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45), which prohibits unfair methods of competition. The complaint against the plaintiff challenges the validity of exclusive bottling agreements in effect between the plaintiff and some 513 franchised Pepsi-Cola bottlers, wherein the bottlers have agreed not to sell Pepsico products outside of a designated territory.

In the course of the proceedings before the FTC, the plaintiff moved before the hearing examiner to dismiss the complaint for non-joinder of each of the 513 bottlers as indispensable parties. The examiner denied the plaintiff's motion, stating in part that as a practical matter it was not feasible to attempt to join all of the bottlers as parties since it would create an unmanageable situation for trial purposes and some bottlers might not be subject to jurisdiction if they operate within a small territory within a state. However, before this order was issued, the examiner indicated at a hearing that all of the bottlers were free to intervene in the proceedings.[2]

1. A motion made by Pepsi-Cola Bottling Company of Corvallis, Inc. to intervene in support of the application for a preliminary injunction, made pursuant to Rule 24, F.R.Civ.P., was granted without objection during oral argument. See Hearing Minutes, pp. 2–3.

2. The examiner's order provided that the intervenors would have certain rights, within the control of the examiner, to ob-

Three individual bottlers and the Pepsi-Cola Bottling Association, an organization representing 512 of the 513 bottlers, elected to intervene while none of the remaining 510 bottlers have sought to intervene up to this point.

On March 23, 1972 the FTC upheld the examiner's decision denying the motion to dismiss the complaint. The Commission stated, after citing numerous authorities, that it was a well established rule that third parties to a contract, the legality of which is being challenged under the antitrust laws, need not be joined in a suit against the first party.[3] Thereafter, on April 28, 1972, the plaintiff instituted this action in this District Court seeking a declaratory judgment and injunctive relief to prohibit the FTC from conducting any further proceedings against the plaintiff unless the bottlers were joined as indispensable parties.

The court concludes that it has no jurisdiction to consider the interlocutory order of the Federal Trade Commission because the plaintiff has not exhausted its administrative remedies.[4] In view of the absence of jurisdiction, the court takes no position on the issue of indispensable parties.

It is a well settled principle of law that a federal district court ordinarily lacks jurisdiction to review interlocutory administrative agency decision.[5] See, e. g., Boire v. Greyhound Corporation, 376 U.S. 473, 84 S.Ct. 894, 11 L. Ed.2d 849 (1964); Myers v. Bethlehem Shipbuilding Corporation, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). One court stated the rule as follows in Wolf Corporation v. Securities and Exchange Commission, 115 U.S.App.D.C. 75, 317 F.2d 139 (1963) (Burger, J.):

Judicial power to impose prior restraint is not called an extraordinary remedy without reason. Even as between private parties the ordinary remedy is legal action after injury. Prior restraint is granted only upon a strong showing and is subject to definite and well established limitations. Prior restraint against governmental action, regular on its face and under color of authority, is even more cautiously exerted. Still higher hurdles stand in the way of prior restraint against the processes of a regulatory body exercising quasi-judicial powers which can be judicially reviewed as a matter of right before they become final. In this third category the jurisdiction of the regulatory or administrative body is exercised within the framework of a statutory scheme in which it acts as an arm of Congress; moreover it has established patterns of procedure and acts in a context where courts have long acknowledged a considerable deference to the specialized experience and competence of such a body. To exert judicial power to stop processes of this third category, which can always be judicially reviewed when the story is fully told and recorded, is an extraordinary step in the usual as well as the legally artful sense of that word. 317 F.2d at 142–143.

---

ject to questions, to cross-examine witnesses, to offer evidence, and to file proposed findings of fact and briefs. Absent, of course, would be the right of the intervenors to appeal any action taken by FTC.

3. In addition, the Commission stated that Rule 19, F.R.Civ.P., even if it were aplicable to administrative agency proceedings, would not change the result.

4. In this regard, the court is in accord with a recent decision by a Georgia federal court involving the Coca-Cola Company. See Coca-Cola Company v. Federal Trade Commission, 342 F.Supp. 670 (1972). The intervening party seeks to distinguish this case but the court does not agree with its position.

5. The plaintiff argues that Jewel Companies, Inc. v. Federal Trade Commission, 432 F.2d 1155 (7th Cir. 1970), has relaxed the exhaustion rule where abstract issues of law are involved. However, the crucial distinction in that case was that the aggrieved party was unable to raise the issue again from a later order of the FTC. In this case the aggrieved party will get relief from the Circuit Court rather than from one district court judge.

In effect, piecemeal review of interlocutory matters should be rarely exercised.

The court finds that the Commission's denial of the motion to dismiss for non-joinder is not in the nature of a final order and therefore, under the applicable statutes, it cannot be reviewed by the federal courts at this stage of the proceedings. Cf. Ritter v. Wyoga Gas & Oil Corporation, 110 F.2d 524 (3rd Cir.), cert. denied, 311 U.S. 669, 61 S.Ct. 29, 85 L.Ed. 430 (1940). The usual avenue for judicial review of actions taken by the Federal Trade Commission is through the courts of appeal after a final cease and desist order issues. See 15 U.S.C. § 45(c), (d). Similarly, the Administrative Procedure Act provides for judicial review of intermediate agency action only upon review of the final agency action. 5 U.S.C. § 704.

The courts, however, have carved out certain narrowly circumscribed areas where judicial review is appropriate before the agency proceedings have terminated. One of these exceptional circumstances includes instances where an agency has very clearly violated an important constitutional right. See, e. g., Herald Company v. Vincent, 392 F.2d 354 (2d Cir. 1968); Fay v. Douds, 172 F.2d 720 (2d Cir. 1949). When the agency acts in excess of its delegated powers and contrary to the applicable statute, the courts have also seen fit to intervene. See, e. g., Breen v. Selective Service Local Board No. 16, 396 U.S. 460, 90 S.Ct. 661, 24 L. Ed.2d 653 (1970); Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958); Federal Trade Commission v. B. F. Goodrich Company, 100 U.S.App. D.C. 58, 242 F.2d 31 (1957); Skinner & Eddy Corporation v. United States, 249 U.S. 557, 39 S.Ct. 375, 63 L.Ed. 772 (1919). Another circumstance justifying interference in the administrative process occurs when the action involves a question of high national interest because of international complexities. See McCulloch v. Sociedad Nacional de Mari-neros de Honduras, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963).

The plaintiff argues that the Commission's refusal to join the bottlers as indispensable parties is such an exceptional circumstance which would allow this court to entertain jurisdiction. More specifically, the plaintiff claims, *inter alia*, that the bottlers, who are facing serious business uncertainty, are threatened with the deprivation of valuable contract and property rights without due process of law. In addition, the plaintiff urges that the question of joinder should be resolved at this point rather than waste a great deal of time and expense by raising the issue when a final order is issued. The court has considered all the arguments and concludes that there are no substantial grounds based upon the exceptions developed by case law to warrant the extraordinary exercise of jurisdiction by this court.

In support of its contention that the court has jurisdiction, the plaintiff cites American Communications Association v. United States, 298 F.2d 648 (2d Cir. 1962) and Interstate Broadcasting Company v. United States, 109 U.S.App.D.C. 255, 286 F.2d 539 (1960) which involved proceedings before the Federal Communications Commission in which certain parties were denied the right to intervene. These cases held that immediate review was desirable so that the intervenors could be heard from the start in order to advance the public interest. Clearly this is not the situation presented in this case since the bottlers have not been deprived of their rights to intervene in the FTC proceedings.

The plaintiff, citing the Supreme Court's decision in McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), also contends that this court should exercise jurisdiction since the Commission's administrative expertise is not involved and judicial review would not be significantly aided by an additional administrative decision. However, the Court, in *McKart,* emphasized that the administrative process

was at an end and that the defendant was faced with a criminal prosecution. Moreover, in the case at bar, it cannot be assumed that judicial review will not be enhanced by allowing the administrative process to be completed. In addition, it is conceivable that the Commission could alter its position or refuse to issue a cease and desist order, in which case there would be no need for judicial review. See Sterling Drug Inc. v. Federal Trade Commission, 450 F.2d 698, 711 (D.C.Cir. 1971).

In view of the foregoing, the plaintiff's application for a preliminary injunction is denied; the defendant's motion to dismiss the complaint is granted.

So ordered.