The **SEVEN-UP COMPANY**, a corporation of the State of Missouri, Plaintiff,

v.

Andrew C. **GOODHOPE**, Hearing Examiner, et al., Defendants.

No. 72 C 285(2).

United States District Court, E. D. Missouri, E. D.

Oct. 16, 1972.

John T. Tabor and J. Stewart Bakula, St. Louis, Mo., Earl W. Kintner, Mark R. Joelson, Eugene J. Meigher and I. C. Waddey, Jr., Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for plaintiff.

Daniel Bartlett, Jr., U. S. Atty., and David W. Harlan, Asst. U. S. Atty., Ronald M. Dietrich, Gen. Counsel, Harold D. Rhynedance, Jr., Asst. Gen. Counsel, James P. Timony, Atty., F.T.C., Washington, D. C., for defendants.

ORDER

REGAN, District Judge.

Presently pending before the Federal Trade Commission is a proceeding charging plaintiff, a soft drink manufacturer, with engaging in unfair methods of competition in violation of the Federal Trade Commission Act, 15 U.S. C., Section 45, by reason of provisions in licenses granted to its bottlers whereby the bottlers agree not to sell the product outside of a designated geographical territory. Similar complaints were filed and are pending against other soft drink manufacturers, including Coca Cola and Pepsi Cola. Plaintiff moved to dismiss the Commission proceedings on the ground of non-joinder of plaintiffs' many bottlers as indispensable parties.

This action for injunctive and declaratory relief challenges the propriety of the interlocutory order of the Commission denying the motion to dismiss. Similar orders in the Coca Cola and Pepsi Cola proceedings have been unsuccessfully attacked in other United States District Courts. See The Coca-Cola Company v. Federal Trade Commission, N.D.Ga., 342 F.Supp. 670, and Pepsi-Co, Inc. v. Federal Trade Commission, S. D.N.Y., 343 F.Supp. 396. Appeals have been taken from both rulings.

Defendants have moved to dismiss, or in the alternative for summary judgment. Plaintiff has moved for summary judgment. After full consideration, we agree with the rationale of the district court rulings in the Coca Cola and Pepsi Cola cases dismissing the complaints therein for lack of subject matter jurisdiction.

Accordingly, it is hereby ordered that the defendants' motion to dismiss be and the same is hereby sustained and the complaint is dismissed for lack of subject matter jurisdiction. Plaintiff's motion for summary judgment is denied.